[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Ellis v. Maple Hts. Police Dept.,* Slip Opinion No. 2019-Ohio-4137.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2019-OHIO-4137

THE STATE EX REL. ELLIS, APPELLANT, *v*. MAPLE HEIGHTS POLICE DEPARTMENT, APPELLEE.

[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Ellis v. Maple Hts. Police Dept.,* Slip Opinion No. 2019-Ohio-4137.]

*Mandamus—Public records—R.C. 149.43—Relator's claim is moot because a custodian of a record satisfied its clear legal duty by mailing responsive documents to address provided by relator—Judgment denying writ of mandamus affirmed.*

(No. 2019-0258—Submitted July 9, 2019—Decided October 10, 2019.)

APPEAL from the Court of Appeals for Cuyahoga County, No. 107572, 2019-Ohio-367.

_____

**Per Curiam.**

{¶ 1} Appellant, L'Ddaryl Ellis, a prison inmate, filed an action in the Eighth District Court of Appeals seeking a writ of mandamus to compel appellee, Maple Heights Police Department ("MHPD"), to provide public records he had requested. The court of appeals denied the writ, and we affirm.

**Background**

{¶ 2} On Thursday, July 5, 2018, MHPD received a request from Ellis seeking:

> (1) All incident reports, books, papers, documents, photographs, tangible objects, buildings, or places, memorandum, memo notes, emails, transfer papers, etc…
>
> (2) Copies of all records retention schedule, records retention policy, and Public records Policy.

The request also referred to "Incident No. 12-18391," and in his merit brief filed in this case, Ellis clarifies that his request "pertain[s] to records in Incident Report No. 12-18391."

{¶ 3} MHPD processes new records requests each Wednesday and reviewed Ellis's request on Wednesday, July 11. The next day, MHPD's records clerk mailed Ellis a two-page incident report and a one-page document that appears to be a records-retention schedule. In an affidavit, MHPD's records clerk states that MHPD mailed all the documents responsive to Ellis's public-records request to the address Ellis provided. But in his own affidavit, Ellis states that he has not received any documents from MHPD.

{¶ 4} In August 2018, Ellis filed a mandamus action in the Eighth District alleging that MHPD did not respond to his request as required under R.C. 149.43(B). The court of appeals denied the writ, finding that Ellis's request was "extremely vague and overly broad," 2019-Ohio-367, ¶ 2, that he had not complied with R.C. 149.43(B)(8), and that his claim was moot because MHPD gave him all responsive documents. Finding that MHPD had promptly responded to Ellis's request, the Eighth District denied his request for statutory damages. Ellis has appealed here as of right.

**Analysis**

{¶ 5} "Mandamus is the appropriate remedy to compel compliance with R.C. 149.43, Ohio's Public Records Act." *State ex rel. Physicians Commt. for Responsible Medicine v. Ohio State Univ. Bd. of Trustees*, 108 Ohio St.3d 288, 2006-Ohio-903, 843 N.E.2d 174, ¶ 6. To prevail on a claim for mandamus relief in a public-records case, a party must establish a clear legal right to the requested relief and a corresponding clear legal duty on the part of the respondent to provide that relief. *State ex rel. Am. Civ. Liberties Union of Ohio, Inc. v. Cuyahoga Cty. Bd. of Commrs.*, 128 Ohio St.3d 256, 2011-Ohio-625, 943 N.E.2d 553, ¶ 22-24.

{¶ 6} The court of appeals correctly found that Ellis's mandamus claim is moot. MHPD presented evidence that it had mailed the requested incident report and records-retention schedule to the address Ellis provided and that these documents constituted all the records responsive to his request. Despite this evidence, Ellis still maintains that he did not receive responsive records. Although it is possible that Ellis has not received the documents, he has not contradicted the evidence showing that MHPD satisfied any duty it may have had by mailing him the responsive documents. And he has not shown that any additional responsive documents exist.

{¶ 7} Because MHPD satisfied its duty in relation to Ellis's request, the mandamus claim is moot. *See State ex rel. Toledo Blade Co. v. Toledo-Lucas Cty. Port Auth.*, 121 Ohio St.3d 537, 2009-Ohio-1767, 905 N.E.2d 1221, ¶ 14. We note, however, that Ellis could request the records again, if in fact he has not already received them. Of course, MHPD could spare Ellis the trouble and resend the three pages of records.

{¶ 8} As a final matter, we affirm the court of appeals' determination that Ellis is not entitled to an award of statutory damages. Under R.C. 149.43(C)(2), an award of statutory damages requires a determination that the public office or person responsible for the public records failed to comply with an obligation under R.C. 149.43(B). Given that MHPD fully responded to Ellis's request within eight days of

receiving it, the court of appeals properly denied his request for statutory damages. *See State ex rel. Cincinnati Enquirer v. Pike Cty. Coroner's Office*, 153 Ohio St.3d 63, 2017-Ohio-8988, 101 N.E.3d 396, ¶ 58-59.

Judgment affirmed.

O'CONNOR, C.J., and KENNEDY, FRENCH, FISCHER, DEWINE, DONNELLY, and STEWART, JJ., concur.

_____

L'Ddaryl Ellis, pro se.

Frank Consolo, Maple Heights Law Director; and Consolo Law Firm Co., L.P.A., and Horace F. Consolo, for appellee.

_____