[Cite as *State ex rel. Saalim v. Lucas Cty. Sheriff's Office*, 2022-Ohio-2290.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

State, ex rel. Lutfi Said Saalim                    Court of Appeals No. L-21-1135

      Relator

v.

Lucas County Sheriff's Office                    **DECISION AND JUDGMENT**
c/o Michael J. Navarre, in his
capacity as Lucas County Sheriff                Decided: June 30, 2022

      Respondent

* * * * *

Thomas J. Walsh, II and Hassanayn M. Joseph, for Relator.

Julia R. Bates, Lucas County Prosecuting Attorney, and
John A. Borell and Kevin A. Pituch, Assistant Prosecuting
Attorneys, for Respondent

* * * * *

**PIETRYKOWSKI, J.**

{¶ 1} This matter is before the court on the parties' final merit briefs on relator's

petition for a writ of mandamus. For the reasons that follow, we deny relator's petition

for a writ of mandamus as moot, award relator $1,000 in statutory damages, and deny any award of statutory attorney fees or court costs.

## I. Facts and Procedural Background

{¶ 2} By way of background, the present matter was initiated on July 12, 2021, when relator, Lutfi Said Saalim, petitioned for a writ of mandamus seeking an order to compel respondent, the Lucas County Sheriff's Office, to produce public records that were responsive to relator's request for 17 different categories of documents. In his petition, relator asserted that his public records request was submitted on May 25, 2021, and he had not received a meaningful response to his request for approximately 50 days. Relator stated that the documents were "vital to the timely investigation and prosecution of the Relator's civil claims" pertaining to an incident that took place between relator and a Lucas County Sheriff's deputy. Relator subsequently filed a civil action in federal court based on the incident. On July 15, 2021, this court issued an alternative writ and ordered respondent to either do the act requested, or show cause why it was not required to do so by filing an answer or a motion to dismiss.

{¶ 3} In response to our alternative writ, respondent filed a motion to dismiss, arguing that the matter was now moot because on July 14, 2021, respondent complied with the public records request and turned over 259 pages of documents. Relator opposed the motion to dismiss, arguing that there were still several categories of documents that had not been provided. On September 8, 2021, we denied respondent's

2.

motion to dismiss, finding that respondent had not provided evidence showing that it had responded to all of relator's public records requests.

{¶ 4} Thereafter, a pretrial hearing was held to clarify and narrow the issues before the court, in particular whether respondent had produced all responsive documents, or whether respondent was withholding additional documents and, if so, the reasons for non-production. As a result of this pretrial hearing, respondent agreed to conduct a search for additional documents.

{¶ 5} On September 29, 2021, respondent notified the court that it had produced a video and an additional 10 pages of reports to relator. Respondent further stated that it possessed no additional documents responsive to relator's public records requests. Simultaneously, respondent filed an answer to relator's mandamus complaint.

{¶ 6} On December 16, 2021, a status conference was held, at which the court reviewed the matters that were still in dispute amongst the parties. Respondent advised that additional production of certain body-camera videos would be made to relator. The court then ordered that relator would have an opportunity to conduct discovery by submitting interrogatories and requests for admissions. Following respondent's response to the discovery, the parties would then have 20 days to submit their case in writing.

{¶ 7} On February 8, 2022, respondent answered relator's interrogatories and requests for admissions. In its response, respondent objected to each of relator's interrogatories on the basis that the interrogatory was not proper for a mandamus action, but instead sought information relevant only to relator's civil claims in the federal court.

3.

Respondent then filed a motion for summary judgment on February 25, 2022. On March 28, 2022, relator filed his opposition to the motion for summary judgment, as well as a motion to compel respondent to answer the interrogatories.

{¶ 8} On May 18, 2022, this court entered its judgment denying relator's motion to compel, and granting respondent's motion for summary judgment, in part. As to the motion for summary judgment, this court held that no genuine issue of material fact existed, and that respondent had provided nearly all of the requested records listed in relator's mandamus complaint. However, this court held that a genuine issue of fact remained over whether a February 10, 2021 audio recording existed and was produced to relator. Thus, this court found that the mandamus action would proceed solely as it related to the February 10, 2021 audio recording. We then ordered the parties to submit their final merit briefs regarding whether a writ of mandamus should issue, and whether relator is entitled to, and the amount of, any statutory damages, reasonable attorney fees and/or court costs under R.C. 149.43.

{¶ 9} The parties have submitted their merit briefs, and the matter is now decisional.

## II. Analysis

{¶ 10} This mandamus action presents three issues, only one of which is in dispute between the parties.

**A. Writ of Mandamus**

{¶ 11} The first issue is whether a writ of mandamus should be entered. Both parties agree that the remaining public record, the February 10, 2021 audio recording has been produced to relator, thereby rendering the mandamus petition moot. *See State ex rel. Ellis v. Maple Heights Police Dept.*, 158 Ohio St.3d 25, 2019-Ohio-4137, 139 N.E.3d 873, ¶ 7 (mandamus claim is moot where the respondent has provided all of the requested records); *State ex rel. Toledo Blade Co. v. Toledo-Lucas Cty. Port Auth.*, 121 Ohio St.3d 537, 2009-Ohio-1767, 905 N.E.2d 1221, ¶ 14 ("In general, providing the requested records to the relator in a public-records mandamus case renders the mandamus claim moot."). Accordingly, we deny relator's petition for a writ of mandamus.

**B. Statutory Damages**

{¶ 12} The second issue is whether relator is entitled to statutory damages under R.C. 149.43(C)(2), which provides, in relevant part,

> If a requester transmits a written request by hand delivery, electronic submission, or certified mail to inspect or receive copies of any public record in a manner that fairly describes the public record or class of public records to the public office or person responsible for the requested public records, except as otherwise provided in this section, the requester shall be entitled to recover the amount of statutory damages set forth in this division if a court determines that the public office or the person responsible for

public records failed to comply with an obligation in accordance with division (B) of this section.

The amount of statutory damages shall be fixed at one hundred dollars for each business day during which the public office or person responsible for the requested public records failed to comply with an obligation in accordance with division (B) of this section, beginning with the day on which the requester files a mandamus action to recover statutory damages, up to a maximum of one thousand dollars. The award of statutory damages shall not be construed as a penalty, but as compensation for injury arising from lost use of the requested information. The existence of this injury shall be conclusively presumed. The award of statutory damages shall be in addition to all other remedies authorized by this section.

{¶ 13} Again, the parties agree that relator is entitled to statutory damages in the maximum amount of $1,000.00. Accordingly, we hold that relator is entitled to statutory damages under R.C. 149.43(C)(2), and respondent is ordered to pay to relator the maximum amount of $1,000.00.

### C. Statutory Award of Attorney Fees and Court Costs

{¶ 14} Finally, the third issue is whether relator is entitled to reasonable attorney fees and/or court costs under R.C. 149.43(C)(3).

{¶ 15} As to attorney fees, R.C. 149.43(C)(3) provides,

(b) If the court renders a judgment that orders the public office or the person responsible for the public record to comply with division (B) of this section or if the court determines any of the following, the court may award reasonable attorney's fees to the relator, subject to division (C)(4) of this section:

(i) The public office or the person responsible for the public records failed to respond affirmatively or negatively to the public records request in accordance with the time allowed under division (B) of this section.

(ii) The public office or the person responsible for the public records promised to permit the relator to inspect or receive copies of the public records requested within a specified period of time but failed to fulfill that promise within that specified period of time.

(iii) The public office or the person responsible for the public records acted in bad faith when the office or person voluntarily made the public records available to the relator for the first time after the relator commenced the mandamus action, but before the court issued any order concluding whether or not the public office or person was required to comply with division (B) of this section. No discovery may be conducted on the issue of the alleged bad faith of the public office or person responsible for the public records. This division shall not be construed as creating a presumption that the public office or the person responsible for

7.

the public records acted in bad faith when the office or person voluntarily made the public records available to the relator for the first time after the relator commenced the mandamus action, but before the court issued any order described in this division.

{¶ 16} Of the four justifications for an award of attorney fees listed above, relator argues that two of them apply: (1) this court "render[ed] a judgment that order[ed] the public office or the person responsible for the public record to comply with division (B) of this section" when it entered the alternative writ on July 15, 2021; and (2) respondent acted in bad faith as set forth in R.C. 149.43(C)(3)(b)(iii).

{¶ 17} Notably, the two justifications relied upon by relator for an award of attorney fees are the same two that would entitle relator to receive court costs. *See State ex rel. Hedenberg v. North Central Correctional Complex*, 162 Ohio St.3d 85, 2020-Ohio-3815, 164 N.E.3d 358, ¶ 13 ("Court costs may be awarded in a public-records case in two circumstances. First, an award of court costs is mandatory when the court grants a writ of mandamus compelling a public office to comply with its duties under the Public Records Act. R.C. 149.43(C)(3)(a)(i). Second, court costs shall be awarded when the court determines that the public office 'acted in bad faith when [it] made the public records available to the relator for the first time after the relator commenced the mandamus action, but before the court issued any order concluding whether or not' to grant a writ of mandamus. *See* R.C. 149.43(C)(3)(a)(ii) and (iii)."). Specifically, as to court costs, R.C. 149.43(C)(3) provides,

8.

(a)(i) If the court orders the public office or the person responsible for the public record to comply with division (B) of this section, the court shall determine and award to the relator all court costs, which shall be construed as remedial and not punitive.

(ii) If the court makes a determination described in division (C)(3)(b)(iii) of this section, the court shall determine and award to the relator all court costs, which shall be construed as remedial and not punitive.

{¶ 18} Because relator relies upon the same justifications for both an award of attorney fees and an award of court costs, we will address those two items together.

{¶ 19} First, relator argues that the July 15, 2021 alternative writ was an order for respondent to comply with R.C. 149.43(B). This is incorrect. An alternative writ is a procedural mechanism whereby the court instructs the respondent to respond to the petition by either doing the act requested, or by showing cause why it is not required to do so by filing an answer or a motion to dismiss. It is not an order for the respondent to comply with R.C. 149.43(B) as described in R.C. 149.43(C)(3)(a)(i). *See, e.g., State ex rel. Horton v. Kilbane*, Slip Opinion No. 2022-Ohio-205, ¶ 38 (relator not entitled to court costs because the court did not grant a writ of mandamus, even though the court entered an alternative writ); *Hedenberg* at ¶ 13; *State ex rel. McDougald v. Greene*, 161 Ohio St.3d 130, 2020-Ohio-3686, 161 N.E.3d 130, ¶ 23. Thus, relator is not entitled to attorney fees under R.C. 149.43(C)(3)(b), or to court costs under R.C. 149.43(C)(3)(a)(i).

9.

**{¶ 20}** Alternatively, relator argues that he is entitled to attorney fees and court costs because respondent acted in bad faith. "The term 'bad faith' generally implies something more than bad judgment or negligence." *McDougald* at ¶ 26, quoting *State v. Powell*, 132 Ohio St.3d 233, 2012-Ohio-2577, 971 N.E.2d 865, ¶ 81. "Bad faith 'imports a dishonest purpose, moral obliquity, conscious wrongdoing, breach of a known duty through some ulterior motive or ill will partaking of the nature of fraud. It also embraces actual intent to mislead or deceive another.'" *Id.*, quoting *Powell* at ¶ 81.

**{¶ 21}** Relator contends that bad faith is demonstrated by respondent's failure to timely respond to the public records request before the writ of mandamus was filed, by respondent's inaccurate representations to the court on two occasions that it had turned over all requested documents, and by the fact that respondent just recently—and more than a year after the original request—finally provided the audio recording from the February 10, 2021 internal affairs interview.

**{¶ 22}** We find this case to be analogous to the facts in *McDougald*. In that case, McDougald submitted a public records request on December 5, 2018, for the Department of Administrative Services' general schedule ("DAS schedule"), and a request on February 3, 2019, for a copy of a report that had been filed by Brian Barney concerning a use-of-force incident involving McDougald ("Barney report"). *McDougald* at ¶ 2. Greene, the individual responsible for responding to public records requests, notified McDougald that the Barney report did not exist. *Id.* at ¶ 3. On June 28, 2019, McDougald filed a complaint for a writ of mandamus. Greene answered that he provided

10.

the DAS report to McDougald on July 22, 2019, after McDougald had filed the complaint. *Id.* at ¶ 4. Greene also continued to assert that the Barney report did not exist. *Id.* An alternative writ was issued, and on October 15, 2019, Greene once again asserted that the Barney report did not exist. *Id.* at ¶ 5. However, two weeks later, Greene discovered that the Barney report did exist, and he averred that he provided the report to McDougald on the same day. *Id.* ¶ 6.

{¶ 23} In determining that McDougald was not entitled to an award of court costs, the Ohio Supreme Court reasoned that "R.C. 149.43(C)(3)(b)(iii) does not create a presumption that the person responsible for retrieving the public records acted in bad faith when he makes the records available to the requester for the first time after the requester files a petition for a writ of mandamus but before a court issues a writ." *Id.* at ¶ 25. In addition, the court found that there was no evidence of bad faith regarding the Barney report, noting, "As recently as October 2019, Greene swore in an affidavit that he believed the Barney report did not exist. Greene reached this conclusion because he looked for the report in a stand-alone file but failed to find it. When Greene later found the report in a package of documents, he provided it to McDougald that very same day." *Id.* at ¶ 27.

{¶ 24} Similarly, in this case, respondent's failure to timely respond to relator's original public records request does not create a presumption that respondent acted in bad faith. Furthermore, like *McDougald*, respondent's representations to the court that it had turned over all requested document does not demonstrate bad faith where it had

11.

conducted a search and produced a plethora of documents, and then later, in consultation with relator, respondent searched for additional documents and disclosed them once located.

{¶ 25} Therefore, we find that relator has not demonstrated that respondent acted in bad faith under R.C. 149.43(C)(3)(b)(iii), and thus relator is not entitled to a statutory award of attorney fees or court costs under R.C. 149.43(C)(3).

### III. Conclusion

{¶ 26} Accordingly, upon review, we find that relator's petition for a writ of mandamus is moot, and it is hereby denied. In addition, we find that relator is not entitled to an award of attorney fees or court costs under R.C. 149.43(C)(3), and his request for the same is denied. Finally, we find that relator is entitled to an award of statutory damages under R.C. 149.43(C)(2), and we hereby order respondent to pay the maximum award of $1,000.00 to relator.

{¶ 27} Each party is responsible for its own costs.

Writ denied.

**To the clerk: Manner of service.**

The clerk of court is directed to serve upon all parties, within three days, a copy of this decision in a manner prescribed by Civ.R. 5(B).

It is so ordered.

12.

Mark L. Pietrykowski, J.          _____
                                          JUDGE

Christine E. Mayle, J.

Myron C. Duhart, J.            _____
CONCUR.                                      JUDGE

                                         _____
                                        JUDGE

This decision is subject to further editing by the Supreme Court of
Ohio's Reporter of Decisions.  Parties interested in viewing the final reported
version are advised to visit the Ohio Supreme Court's web site at:
http://www.supremecourt.ohio.gov/ROD/docs/.