[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Lusane v. Kent Police Dept.*, Slip Opinion No. 2023-Ohio-480.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2023-OHIO-480

THE STATE EX REL. LUSANE *v.* KENT POLICE DEPARTMENT

**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Lusane v. Kent Police Dept.*, Slip Opinion No. 2023-Ohio-480.]**

*Mandamus—Public Records—A police officer's dash-camera video is a public record subject to disclosure—Writ granted.*

(No. 2022-0441—Submitted January 10, 2023—Decided February 21, 2023.)

IN MANDAMUS.

_____

**Per Curiam.**

{¶ 1} This is an original action in mandamus brought under Ohio's Public Records Act by relator, Matthew M. Lusane, against respondent, city of Kent Police Department. Lusane seeks a writ of mandamus ordering the police department to produce videos. Lusane also asks that he be awarded statutory damages. We grant Lusane the writ of mandamus and award him statutory damages.

## I. BACKGROUND

{¶ 2} On April 1, 2022, Lusane hand delivered a public-records request to the police department, requesting "ANY and ALL officer body camera and cruiser dash camera video for Incident Report Number 22-4996." (Capitalization and underling sic.)

{¶ 3} On April 5, Captain Jennifer Ennemoser emailed Lusane, explaining that because the case was still open, the prosecutor would have to authorize the release of the videos. Kathy Coleman, the police chief's secretary, also emailed Lusane and reiterated what Ennemoser had written, but also explained that Lusane could contact the prosecutor to discuss potentially filing a motion for discovery to obtain the videos. The next day, citing R.C. 149.43(A)(1)(h), Coleman explained in another email to Lusane that the videos fell under a public-records disclosure exception: confidential law-enforcement investigatory records ("CLEIR").

{¶ 4} On April 22, Lusane filed an original action in this court, requesting (1) a writ of mandamus ordering the police department to release the dash- and body-camera videos and (2) an award of statutory damages.

{¶ 5} On May 17, the police department's attorney, Hope Jones, filed an answer to Lusane's complaint, which stated that she had "asked the Kent Police Department to provide [Lusane] with all audio and video of the incident up to the point of arrest" and that "on May 17, 2022 the records [were] sent to * * * Lusane" by email. Jones emailed the answer to Lusane. In the email, Jones stated that Lusane should expect to hear from the police department regarding the videos and that he should download them within seven days to avoid a stale download link. She further informed him that the "videos [had] been redacted at the point of arrest pursuant to *State ex rel. Cincinnati Enquirer v. Sage*, 142 Ohio St.3d 392[, 2015-Ohio-974, 31 N.E.3d 616]."

{¶ 6} On May 24, Lusane emailed Jones and explained that while Ennemoser had emailed him the videos, (1) the dash-camera video appeared to be

from a backup officer rather than the officer who had made the stop, (2) no body-camera video had been included, and (3) the video that had been sent lacked audio. Lusane also questioned the relevance of *Sage* to his public-records request. Jones responded that she did not recall citing *Sage* but that she would look further into his concerns about the lack of body-camera video and audio. A little over an hour later, Jones explained in an email to Lusane that Lusane had "received all of the video and audio that [was] available," that some video lacked audio, and that not every officer involved with the incident was wearing a body camera.

**{¶ 7}** On May 25, Lusane emailed Jones and reiterated his earlier concerns about the police department's failure to produce the records he had requested. Jones emailed Lusane and stated that Lusane failed to download the eight videos that had been sent and offered to resend them. The next day, Ennemoser emailed Lusane eight video-download links.

**{¶ 8}** On June 3, Lusane emailed Jones to tell her that he was able to review one of the videos but asked her to resend three others that he did not receive. Three days later, Ennemoser emailed Lusane with video-download links to the three videos that he had asked for.

## II. ANALYSIS

### A. Mandamus

**{¶ 9}** "Mandamus is [an] appropriate remedy to compel compliance with R.C. 149.43, Ohio's Public Records Act." *State ex rel. Physicians Commt. for Responsible Medicine v. Ohio State Univ. Bd. of Trustees*, 108 Ohio St.3d 288, 2006-Ohio-903, 843 N.E.2d 174, ¶ 6; R.C. 149.43(C)(1)(b). To obtain the writ, Lusane must show that he has a clear legal right to the requested relief and that the police department has a clear legal duty to provide it. *See State ex rel. Ellis v. Maple Hts. Police Dept.*, 158 Ohio St.3d 25, 2019-Ohio-4137, 139 N.E.3d 873, ¶ 5.

**{¶ 10}** The evidence establishes that Lusane received eight video-download links and that some or all of them were redacted at the point of arrest. The question

presented is whether Lusane is entitled to a writ of mandamus ordering the police department to release unredacted videos.

**{¶ 11}** This court has determined that, subject to certain exceptions, a dash-camera video is a public record that is subject to disclosure. *See State ex rel. Cincinnati Enquirer v. Ohio Dept. of Pub. Safety*, 148 Ohio St.3d 433, 2016-Ohio-7987, 71 N.E.3d 258, ¶ 1, 32-38 (determining that a police department could redact portions of a dash-camera video based on the CLEIR exception). Yet in this case, the police department's merit brief advances no argument explaining why redaction at the point of arrest would be proper. *See State ex rel. Myers v. Meyers*, __ Ohio St.3d __, 2022-Ohio-1915, __ N.E.3d __, ¶ 30 (a records custodian bears the burden of establishing the applicability of an exception to disclosure). To the contrary, the police department states in its merit brief that it "will not argue that the videos contain Confidential Law Enforcement Investigatory Records ('CLEIR') that are not subject to disclosure pursuant to R.C. 149.43(A)(2)." And the department further concedes that it "was wrong in denying the Relator a copy of the videos."

**{¶ 12}** Therefore, we grant a writ of mandamus ordering the police department to release to Lusane unredacted versions of the videos it previously produced.

### B. Statutory damages

**{¶ 13}** A requester who hand delivers a fairly described public-records request is entitled to an award of statutory damages if a court determines that the public office failed to comply with an obligation of R.C. 149.43(B). R.C. 149.43(C)(2). One of the obligations stated in R.C. 149.43(B) is that the public office "promptly" make the records available to the requester. *See Myers* at ¶ 60, citing R.C. 149.43(B)(1). "Statutory damages accrue at the rate of $100 for each business day the office failed to meet one of R.C. 149.43(B)'s obligations, beginning on the day the requester files a mandamus action, up to $1,000." *State*

*ex rel. Horton v. Kilbane*, 167 Ohio St.3d 413, 2022-Ohio-205, 194 N.E.3d 288, ¶ 15, citing R.C. 149.43(C)(2).

**{¶ 14}** Here, the police department still has not released the unredacted videos to Lusane, meaning that it has departed from its obligation to make them promptly available. Because the police department's delay has persisted for more than ten business days from the filing of this action, we award Lusane $1,000 in statutory damages. *See* R.C. 149.43(C)(2).[1]

### III. CONCLUSION

**{¶ 15}** For the foregoing reasons, we grant the writ and award $1,000 in statutory damages.

Writ granted.

KENNEDY, C.J., and FISCHER, DEWINE, DONNELLY, STEWART, BRUNNER, and DETERS, JJ., concur.

———————————

Matthew M. Lusane, pro se.

Hope L. Jones, city of Kent Law Director, for respondent.

———————————

---

1. We note that the police department does not argue against the imposition of statutory damages and states that it is "prepared to pay * * * the statutory penalty as ordered by this Court."