**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Scott v. Toledo Corr. Inst.*, Slip Opinion No. 2024-Ohio-2694.]**

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2024-OHIO-2694

THE STATE EX REL. SCOTT *v.* TOLEDO CORRECTION[AL] [INSTITUTION].

**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Scott v. Toledo Corr. Inst.*, Slip Opinion No. 2024-Ohio-2694.]**

*Mandamus—Public-records requests—A public office has no duty to produce nonexistent records—When no evidence exists to rebut public-records custodian's claim that the requested records do not exist, the public office satisfies its obligations under R.C. 149.43—Writ and requests for statutory damages and court costs denied.*

(No. 2023-1170—Submitted May 7, 2024—Decided July 18, 2024.)

IN MANDAMUS.

————————————

The per curiam opinion below was joined by KENNEDY, C.J., and FISCHER, DEWINE, DONNELLY, STEWART, BRUNNER, and DETERS, JJ.

**Per Curiam.**

**{¶ 1}** Relator, Jumaane Scott, filed this original action requesting a writ of mandamus ordering respondent, the Toledo Correctional Institution ("TCI"),[1] to produce public records. Scott alleges that between April and July 2023, he made four separate requests for public records from TCI staff and that he never received the requested records. His petition asks this court to compel the production of some of the requested records and award him statutory damages and court costs.

**{¶ 2}** We deny the writ because the evidence before the court establishes that three of the requested records do not exist. As to the fourth record, we deny Scott's request because that request was not part of the relief he sought in his pleadings. We also deny his requests for statutory damages and court costs.

## I. FACTS AND PROCEDURAL HISTORY

**{¶ 3}** Scott filed this action in September 2023. His petition alleges that between April and July 2023, he made three separate requests for body-camera footage documenting the actions of three different TCI correction officers on specific dates (the "body-camera requests") and that all three requests were denied.

**{¶ 4}** Scott alleges that on April 27, 2023, he hand-delivered a public-records request to Derek Burkhart, the warden's assistant and public-information officer at TCI. The request was for a copy of body-camera footage of Correction Officer Houck from December 13, 2022. Scott claims that he handed the request to Burkhart, and Scott's petition includes a copy of a four-page letter as evidence. The first three pages of the letter refer to an alleged incident involving Officer Houck and include Scott's request for nonspecific records. The fourth page of the letter then expressly requests Officer Houck's body-camera footage from

---

1. The caption of Scott's complaint lists the respondent in this case as "Toledo, Ohio, Correction, Facility." The correct name of the facility is the "Toledo Correctional Institution." *See* Ohio Department of Rehabilitation & Correction, *Facilities and Institutions*, https://drc.ohio.gov/about/facilities/toledo-correctional/toledo-correctional (accessed May 28, 2024).

December 13, 2022. Burkhart states in an affidavit that he received the first three pages of Scott's letter and responded accordingly. Specifically, he refers to a handwritten post-it note that he provided to Scott in which Burkhart explained, "This request does not specifically request any items of record. My assumption is that you want body camera footage which you have already been informed there is no footage to give." Burkhart denies that he ever received the fourth page of Scott's letter.

{¶ 5} Scott also alleges that on July 9 and again on July 13, 2023,[2] he sent electronic kites to Burkhart requesting copies of body-camera footage from two other TCI correction officers. The July 9 request was for footage from Correction Officer Williams on April 20 and 22, 2023. The July 13 request was for footage from Correction Officer Landin on May 16, 2023. Burkhart denied the requests on July 14 writing, "You are not permitted to obtain copies of camera footage in your possession [sic]."

{¶ 6} Scott further alleges that he made a fourth request on July 24, 2023, when he sent an electronic kite to Ms. Bucholtz, the TCI food-service director. This request sought a copy of "the d.r.c. vegetarian diet menu" (the "menu request"). Bucholtz responded on July 28 that she had "sent it to administration to be posted on Viapath so everybody may see it."

{¶ 7} Scott's petition asks this court to issue a writ of mandamus compelling TCI to release the body-camera footage that he requested. He also seeks statutory damages and court costs. His petition does not request any relief with respect to the menu request.

---

2. Scott's allegations and evidence are inconsistent about the exact date of his request for footage from Correction Officer Landin. His complaint and affidavit state that the request was sent on May 16, 2023, whereas a copy of the request sent to Burkhart in an electronic kite is dated July 13, 2023. Scott's merit brief also refers to a July 13 request rather than a May 16 request.

**{¶ 8}** TCI filed a motion to dismiss on October 10, 2023, to which Scott did not respond. We denied TCI's motion and issued an alternative writ. 2023-Ohio-4259. TCI filed evidence, and both parties filed merit briefs. Scott did not file a reply brief. TCI's brief concedes most of Scott's factual allegations but denies that Burkhart ever received Scott's first request for body-camera footage of Officer Houck. Moreover, TCI contends that "none of the body worn camera footage [that Scott] requests exists."

## II. ANALYSIS

### A. Public Records Act

**{¶ 9}** "[U]pon request by any person, a public office or person responsible for public records shall make copies of the requested public record available to the requester at cost and within a reasonable period of time." R.C. 149.43(B)(1).

**{¶ 10}** Mandamus is an appropriate remedy to compel compliance with Ohio's Public Records Act, R.C. 149.43. *See* R.C. 149.43(C)(1)(b). To be entitled to a writ of mandamus, Scott must establish by clear and convincing evidence that he has a clear legal right to the requested relief and that TCI has a clear legal duty to provide it. *State ex rel. Clark v. Dept. of Rehab. & Corr.*, 2024-Ohio-770, ¶ 6.

### B. The body-camera requests

**{¶ 11}** We deny Scott's request for a writ compelling the production of the correction officers' body-camera footage because the evidence establishes that the recordings do not exist. Burkhart's affidavit states that the footage requested by Scott "does not exist." According to Burkhart, such footage is retained only when it is "downloaded" at the end of a correction officer's shift. Burkhart asserts that that did not happen for the footage of any of the officers on any of the dates Scott identified in his body-camera requests.

**{¶ 12}** TCI has no obligation to produce public records that do not exist. *State ex rel. Toledo Blade Co. v. Seneca Cty. Bd. of Commrs.*, 2008-Ohio-6253, ¶ 27; *see also State ex rel. McDougald v. Greene*, 2020-Ohio-5100, ¶ 10 ("when a

requester seeks a nonexistent record, a public office has no duty to provide it"). Absent contrary evidence from Scott, Burkhart's affidavit establishes that the correction officers' body-camera footage was not saved and does not exist. *See State ex rel. McDougald v. Greene*, 2020-Ohio-2782, ¶ 8-9. Because the footage at issue does not exist, this aspect of Scott's claim is moot. *State ex rel. Pietrangelo v. Avon Lake*, 2016-Ohio-5725, ¶ 2.

### C. The menu request

**{¶ 13}** We deny Scott's request for a writ compelling the production of the menu because his pleadings included no request for such relief. In his *brief*, Scott references the menu request along with the three body-camera requests, and he asserts that he "Made four simple Public records request[s]" and that TCI had a "legal duty To Provide him with the records or copies in A reasonable Amount of Time." (Capitalization in original.) But Scott is not entitled to a writ of mandamus as to the menu request, because his *petition* did not ask for such relief. The request for relief in his petition explicitly identifies the body-camera requests, but the menu request is conspicuously absent:

> Wherefore, Jumaane Scott, respectfully pray that a writ of mandamus be issued relater, never received the body Worn camera footage in violation of 149.43 of the revised code, and DRC policy 07-ord-02 Public Records. Ordering respondent Toledo Correction Institution to provide the body worn camera footage of officer Mr. Houck, Ms. Angela R. Williams, J.M. Landin of the mention dates writ of mandamus Per R.C.§ 149.43 Ohio's public records act and award him statutory damages and court costs which he seeks.

(Spelling, grammar, and punctuation in original.)

**{¶ 14}** A relator cannot receive relief that he does not ask for.  This court and others have refused to provide relief that parties fail to seek in their pleadings. *See, e.g.*, *State ex rel. Gilreath v. Cuyahoga Job & Family Servs.*, 2024-Ohio-103, ¶ 31 (denying mandamus relief that relator argued for in merit brief but had not sought in his writ petition); *State ex rel. Union Metal Corp. v. Indus. Comm.*, 2005-Ohio-847, ¶ 3 (10th Dist. 2005)  ("We cannot grant relief that is not requested."). So too, this court's rules of practice require parties seeking relief in an original action to identify the relief they seek from the court in their pleadings.  *See* S.Ct.Prac.R. 12.02(B)(3) ("All relief sought [in an original action] . . . shall be set forth in the complaint.").

*D.  Statutory damages and costs*

**{¶ 15}** Scott seeks both statutory damages and court costs; we deny both requests.

**{¶ 16}** R.C. 149.43(C)(2) provides that a public-records requester is entitled to statutory damages if, among other things, "the public office or the person responsible for public records failed to comply with an obligation in accordance with division (B) of this section."  But Scott does not identify which obligation of R.C. 149.43(B) he contends TCI failed to comply with, which is a ground to reject his statutory-damages request.  *See State ex rel. Duncan v. Am. Transm. Sys., Inc.*, 2022-Ohio-323, ¶ 9 ("lack of meaningful analysis" in appellant's brief sufficed to reject his argument).

**{¶ 17}** Moreover, Scott has failed to show that TCI did not meet its obligations in responding to and denying his body-camera requests.[3]  Although Burkhart denied the July 9 and 13 requests based on his assertion that Scott was not permitted to obtain the body-camera footage, that response does not foreclose TCI's

---

3. As to the menu request, Scott is not entitled to statutory damages for the same reason that he is not entitled to mandamus relief set forth above, i.e., his *petition* does not identify the menu request as a basis for an award of statutory damages.

argument before this court that the footage does not exist. *See* R.C. 149.43(B)(3) (a public official's explanation of a denial of a public-records request "shall not preclude the public office or the person responsible for the requested public record from relying upon additional reasons or legal authority in defending an action commenced under division (C) of this section").

**{¶ 18}** Additionally, Scott fails to show by clear and convincing evidence that Burkhart received his first request for body-camera footage and failed to respond to it. Scott maintains that his April 27, 2023 request included four pages and that the last page contained an unambiguous request for footage from Officer Houck. Burkhart agrees that he received the first three pages and contends that he responded in a post-it note; but he denies that he ever received the fourth page with the clear request. Scott's and Burkhart's affidavits conflict regarding whether the request Scott contends he sent on April 27, 2023, was received by Burkhart. Scott therefore fails to prove that he made that request or that TCI failed to meet its burden under R.C. 149.43(B). *See State ex rel. Ware v. Giavasis*, 2020-Ohio-5453, ¶ 32 (holding that relator failed to meet his burden when respondent's evidence showed that respondent had not received all the public-records requests relator claimed he had sent); *State ex rel. Barr v. Wesson*, 2023-Ohio-3645, ¶ 13 (relator did not meet his burden to show that respondent failed to respond to his request prior to relator's filing his mandamus claim). Accordingly, Scott is not entitled to statutory damages for the body-camera requests.

**{¶ 19}** We also deny Scott's request for court costs. Under R.C. 149.43(C)(3), an award of court costs is contingent upon a court ordering the respondent to comply with some aspect of R.C. 149.43(B) or a showing of bad faith on the part of the respondent. Because we have not issued a writ compelling TCI's compliance with the Public Records Act and there is no evidence of bad faith, Scott is not entitled to court costs.

## III. CONCLUSION

{¶ 20} We deny Scott's request for a writ of mandamus as well as his requests for statutory damages and court costs.

Writ denied.

————————————

Jumaane Scott, pro se.

Dave Yost, Attorney General, and Matthew Convery and John H. Bates, Assistant Attorneys General, for respondent.

————————————