**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Mack v. Ohio State Hwy. Patrol Cent. Records*, Slip Opinion No. 2025-Ohio-1332.]**

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2025-OHIO-1332

THE STATE EX REL. MACK *v.* OHIO STATE HIGHWAY PATROL CENTRAL RECORDS.

[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Mack v. Ohio State Hwy. Patrol Cent. Records*, Slip Opinion No. 2025-Ohio-1332.]

*Mandamus—Public Records Act—R.C. 149.43—For each category of relator's public-records request, respondent properly denied the request, produced the records, or averred that the records do not exist—Because relator has not shown that respondent failed to comply with an obligation under R.C. 149.43(B), relator is not entitled to statutory damages—Writ and request for statutory damages denied.*

(No. 2024-1012—Submitted February 11, 2025—Decided April 17, 2025.)

IN MANDAMUS.

_____

The per curiam opinion below was joined by FISCHER, DEWINE, BRUNNER, DETERS, HAWKINS, and SHANAHAN, JJ. KENNEDY, C.J., concurred in judgment only.

**Per Curiam.**

{¶ 1} Relator, John H. Mack Jr., has filed an original action in mandamus against respondent, Ohio State Highway Patrol Central Records (the "highway patrol"). Mack seeks a writ ordering the highway patrol to produce records responsive to his public-records request and an award of statutory damages. We deny the writ and the request for an award of statutory damages.

## I. FACTS AND PROCEDURAL HISTORY

{¶ 2} Mack is an inmate at the Allen-Oakwood Correctional Institution. In 2022, Mack was convicted in the Richland County Court of Common Pleas of the aggravated murder of M.D. In 2023, he filed in his criminal case a "motion to access the record," asking the trial court "to issue an order instructing the prosecuting attorney['s] office, [Mack's appellate attorney,] or the clerk of court to provide [him] with a copy of the full record in the . . . case." In its entry ruling on the motion, the trial court ordered Mack's appellate counsel to send Mack any transcripts or documents in his possession from Mack's underlying criminal case.

{¶ 3} On May 22, 2024, Mack sent by certified mail a public-records request to the highway patrol. Mack included in his three-page request a block quote of R.C. 149.43(B)(8), which generally provides that a public office is not required to provide an incarcerated person with public records concerning a criminal investigation or prosecution unless the judge who sentenced that person "finds that the information sought in the public record is necessary to support what appears to be a justiciable claim of the person." In his public-records request, Mack also quoted from the trial judge's order ruling on Mack's "motion to access the record," and Mack referred to testimony that Geoffrey Moran, a highway patrol employee, gave at Mack's criminal trial. He then wrote the following:

Now that I have submitted evidence to you that I have secured permission from the sentencing judge, and the information Geoffrey Moran testified to was in direct relation to Ohio State Highway Patrol can you please send me the following records:

1. The location history retrieved from the data received from the cell carriers/provider.

2. Email/communication exchange to and from Richland County Sheriff's Office.

3. Email/communication exchange to and from Shelby Police Department.

4. Reports on file.

5. Records Retention Schedule for "ping" related request.

6. Any cell-cite [sic] related data from this case.

7. Forms documenting hiring, promotions, job classification changes, [and/or] separation, in relation to Geoffrey Moran.

8. Exigent ping data obtained from [three phone numbers].

** I am not requesting items from a personnel file that must be withheld by law.

Specifically, I am requesting any and all information related to the missing person investigation related to [the M.D.] investigation filed on February 25th, 2021.

{¶ 4} On June 18, the highway patrol responded to Mack in writing, denying the request under R.C. 149.43(B)(8).

{¶ 5} Mack filed his mandamus complaint on July 15. Thereafter, the highway patrol provided two additional responses to Mack: On July 26, the highway patrol provided Mack with 89 pages of Moran's personnel records. And

on July 30, the highway patrol notified Mack in writing that it had no records responsive to his request for a records-retention schedule for "pings."

**{¶ 6}** Mack seeks a writ ordering the highway patrol to produce all records responsive to his public-records request. He also seeks an award of statutory damages. We issued an alternative writ ordering the submission of evidence and briefs. 2024-Ohio-4534.

## II. LEGAL ANALYSIS

### A. Writ of mandamus

**{¶ 7}** Mack seeks a writ of mandamus ordering the highway patrol to produce the records he requested. "[U]pon request by any person, a public office or person responsible for public records shall make copies of the requested public record available to the requester at cost and within a reasonable period of time." R.C. 149.43(B)(1). Mandamus is an appropriate remedy to compel compliance with R.C. 149.43, the Public Records Act. *See* R.C. 149.43(C)(1)(b). To obtain the writ, "the requester must prove by clear and convincing evidence a clear legal right to the record and a corresponding clear legal duty on the part of the respondent to provide it." *State ex rel. Griffin v. Sehlmeyer*, 2021-Ohio-1419, ¶ 10. If the public office asserts that the requested records are excepted from disclosure under the Public Records Act, the office "bears the burden . . . 'to plead and prove facts clearly establishing the applicability of the [exception].' " (Bracketed text added in *Myers*.) *State ex rel. Myers v. Meyers*, 2022-Ohio-1915, ¶ 30, quoting *Welsh-Huggins v. Jefferson Cty. Prosecutor's Office*, 2020-Ohio-5371, ¶ 27.

**{¶ 8}** The highway patrol argues that under R.C. 149.43(B)(8), it was not required to produce records in response to Mack's request Nos. 1 through 4, 6, and 8. These records concern the criminal investigation into the death of M.D., and thus the highway patrol was not required to release them to Mack unless he first obtained a finding from the judge who sentenced him that "the information sought in the public record[s] is necessary to support what appears to be a justiciable claim

of [Mack]," R.C. 149.43(B)(8). Mack included with his public-records request a portion of the trial judge's order granting his motion to access the record in his criminal case. But that order does not relate to Mack's public-records request and does not contain a finding that the information in the public records he seeks is necessary to support what appears to be a justiciable claim. The highway patrol properly denied these requests, so we deny the writ as to these requests.

{¶ 9} The highway patrol argues that it has no records responsive to Mack's request No. 5, in which he asked for a "Records retention schedule for 'ping' related request." As evidence, the highway patrol's chief legal counsel submitted an affidavit in which he averred that "the Highway Patrol does not have retention schedules that apply to 'ping' related information or records." A public office "has no obligation to produce public records that do not exist," *State ex rel. Scott v. Toledo Corr. Inst.*, 2024-Ohio-2694, ¶ 12. And absent contrary evidence, an averment from the person responsible for public records that the requested records do not exist is sufficient to defeat a claim for a writ of mandamus. *See id.*; *State ex rel. McDougald v. Greene*, 2020-Ohio-2782, ¶ 8-9. Mack provides no contrary evidence, so we deny the writ as to this request.

{¶ 10} Finally, after Mack filed his mandamus action, the highway patrol provided him with records responsive to his request No. 7, in which he asked for "[f]orms documenting hiring, promotions, job classification changes, [and/or] separation, in relation to Geoffrey Moran." Mack agrees that he has now received a complete response to this request. We therefore deny the writ as to this request.

{¶ 11} Because for each category of records that Mack requested the highway patrol has properly denied the request, produced the records, or averred that the records do not exist, we deny the writ of mandamus.

### B. Statutory damages

{¶ 12} Mack also requests an award of statutory damages. Statutory damages are awarded if a requester transmits a written request by hand delivery, electronic submission, or certified mail and the public office or person fails to comply with its obligations under R.C. 149.43(B). R.C. 149.43(C)(2).[1] Mack transmitted his request by certified mail.

{¶ 13} As discussed above, Mack has not shown that the highway patrol failed to provide him with copies of any public records to which he is entitled. Thus, to be entitled to an award of statutory damages, Mack must show that the highway patrol failed to comply with a different obligation under R.C. 149.43(B). Mack appears to allege that the highway patrol failed to comply with several obligations under R.C. 149.43(B) and that he is therefore entitled to statutory damages.

{¶ 14} Citing R.C. 149.43(B)(2), Mack argues that when the highway patrol denied his public-records request, it was required to provide him the opportunity to revise his request. But the requirement in R.C. 149.43(B)(2) that a public office give a public- records requester the opportunity to revise a request applies only if the office denied the request for being overly broad or ambiguous or if the office could not reasonably identify what records were being requested. The highway patrol did not deny Mack's request for any of these reasons.

{¶ 15} Mack also argues that the highway patrol did not "maintain a system of records that ensures easy public access." The law requires that a public office "organize and maintain public records in a manner that they can be made available for inspection or copying in accordance with [R.C. 149.43](B)." R.C.

---

1. Effective April 9, 2025, R.C. 149.43 was amended such that a person committed to the custody of the Department of Rehabilitation and Correction is no longer eligible to receive an award of statutory damages under R.C. 149.43(C). 2024 H.B. No. 265. Here, however, we apply the version of R.C. 149.43(C) that was effective when Mack made his public-records request and filed his mandamus complaint. *See* 2023 Am.Sub.H.B. No. 33 (effective Oct. 3, 2023).

149.43(B)(2). But there is no evidence that the highway patrol failed to properly organize its records. And even if it had failed to do so, "[s]tanding alone, that violation will not support an award of statutory damages. It is a failure to timely produce a public record that triggers an award of statutory damages," *State ex rel. Ames v. Portage Cty. Bd. of Commrs.*, 2023-Ohio-3382, ¶ 42.

{¶ 16} Because Mack has not shown that the highway patrol failed to comply with an obligation under R.C. 149.43(B), we deny statutory damages.

### III. CONCLUSION

{¶ 17} For each category of Mack's public-records request, the highway patrol properly denied the request, produced the records, or averred that the records do not exist. We therefore deny the writ of mandamus and Mack's request for statutory damages.

Writ denied.

————————————

John H. Mack Jr., pro se.

Dave Yost, Attorney General, and Heather L. Buchanan, James P. Reising, and Mark D. Tucker, Assistant Attorneys General, for respondent.

————————————