[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Fenstermaker v. VanEerten*, Slip Opinion No. 2025-Ohio-5298.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports.  Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2025-OHIO-5298

THE STATE EX REL. FENSTERMAKER *v.* VANEERTEN, PROS. ATTY.

**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Fenstermaker v. VanEerten*, Slip Opinion No. 2025-Ohio-5298.]**

*Mandamus—Public-records requests—Relator failed to present clear and convincing evidence rebutting evidence submitted by prosecutor's office showing that cashbook he requested does not exist—Writ and relator's request for statutory damages denied.*

(No. 2025-0381—Submitted August 6, 2025—Decided December 2, 2025.)

IN MANDAMUS.

_____

The per curiam opinion below was joined by KENNEDY, C.J., and FISCHER, DEWINE, BRUNNER, DETERS, HAWKINS, and SHANAHAN, JJ.

**Per Curiam.**

{¶ 1} Relator, Tony Fenstermaker, an inmate at the Southeastern Correctional Institution, has brought a public-records mandamus action against respondent, Ottawa County Prosecuting Attorney James VanEerten. Fenstermaker sent the prosecutor's office a public-records request asking for three categories of records. VanEerten responded to the request by providing some of the requested records and informing Fenstermaker that other requested records do not exist.

{¶ 2} Fenstermaker seeks a writ of mandamus compelling the prosecutor's office to produce records that it previously informed him do not exist. He also requests $1,000 in statutory damages. Because Fenstermaker has failed to prove by clear and convincing evidence that the requested records exist and were kept by the prosecutor's office, we deny the writ and his request for a statutory-damages award.

## I. FACTS AND PROCEDURAL HISTORY

### A. The public-records request

{¶ 3} Fenstermaker submitted a public-records request by certified mail to the prosecutor's office on January 28, 2025. He asked for paper copies of three categories of records: (1) "[c]ertified statements for years 2018-2024 pursuant to [former] R.C. 309.16," (2) a "[r]ecords retention schedule," and (3) a "[c]ashbook or journal for year[s] 2018-2025, pursuant to R.C. 2335.25."

{¶ 4} VanEerten responded to Fenstermaker on February 12, 2025. In his response, VanEerten (1) produced copies of the annual reports of the prosecutor's office for 2018 through 2022 and noted that R.C. 309.16 was repealed prior to the reporting deadline in 2023, (2) produced a copy of the county's records-retention schedule, and (3) denied Fenstermaker's request for a cashbook or journal for the years 2018 through 2025, saying that the prosecutor's office does not keep one.

### B. Procedural History

**{¶ 5}** Fenstermaker filed this mandamus action on March 17, 2025. He acknowledges that the prosecutor's office produced the requested records-retention schedule and the annual reports for 2018 through 2022 issued under former R.C. 309.16, Am.Sub.S.B. No. 198, 138 Ohio Laws, Part I, 683. Although he also acknowledges that VanEerten informed him that the prosecutor's office does not keep a cashbook or journal, Fenstermaker contends that the records-retention schedule suggests that the prosecutor's office possesses a cashbook. Fenstermaker asserts that the prosecutor's office kept a cashbook until 2022, and he requests that we issue a writ compelling the prosecutor's office to provide a paper copy of it. He also requests that we award him statutory damages.

**{¶ 6}** The prosecutor's office filed a motion to dismiss. We denied the motion, ordered the prosecutor's office to file an answer, and granted an alternative writ, setting a schedule for the submission of evidence and briefs. 2025-Ohio-1876. The prosecutor's office filed an answer, and both parties have submitted evidence. Only Fenstermaker has filed a merit brief.

**{¶ 7}** Fenstermaker's evidence consists of an affidavit he swore to, his public-records request with a certified-mail tracking printout, and the response he received from VanEerten. In his affidavit, Fenstermaker attests that he never received copies of "the complete Certified Statement Annual Report" or the requested cashbook. (Emphasis deleted.)

**{¶ 8}** The evidence submitted by the prosecutor's office consists of an affidavit that VanEerten swore to and his response to Fenstermaker's public-records request. VanEerten attests that the prosecutor's office has not kept a cashbook under R.C. 2335.25 since he assumed office in January 2017. He also attests that the policy of the prosecutor's office is "not to accept any payments, cash or otherwise, for any fines, costs, penalties, or other monetary amounts assessed by Court orders or in response to any pleas." To VanEerten's knowledge, the

prosecutor's office "has never directly accepted payments for fines, penalties, or other monetary amounts pursuant to R.C. 2335.25 or 2335.27." With respect to the records-retention schedule that he produced, VanEerten attests that it "contains categories [of records] that are not applicable to all offices" because it "is an all-encompassing county-wide retention schedule that is utilized by most, if not all, elected officials in the county."

## II. ANALYSIS

### A. *Fenstermaker limited his request for mandamus relief to the requested cashbook*

{¶ 9} In his brief, Fenstermaker argues that the prosecutor's office failed to produce copies of the complete annual reports required by former R.C. 309.16. But in his complaint, Fenstermaker requested only that we issue a writ compelling the prosecutor's office to produce a copy of the requested cashbook. A relator will not receive relief that he did not ask for in his complaint. *State ex rel. Scott v. Toledo Corr. Inst.*, 2024-Ohio-2694, ¶ 14; *see* S.Ct.Prac.R. 12.02(B)(3) ("All relief sought [in an original action], including the issuance of an alternative writ, shall be set forth in the complaint."). Therefore, Fenstermaker's request for mandamus relief is limited to the requested cashbook. *See Scott* at ¶ 13.

### B. *Fenstermaker is not entitled to mandamus relief*

{¶ 10} A writ of mandamus "is an appropriate remedy to compel compliance with R.C. 149.43." *State ex rel. Wells v. Lakota Local Schools Bd. of Edn.*, 2024-Ohio-3316, ¶ 11. To obtain the writ, Fenstermaker must prove by clear and convincing evidence a clear legal right to the records requested and a corresponding clear legal duty on the part of the prosecutor's office to provide the records. *State ex rel. Ware v. Beggs*, 2024-Ohio-611, ¶ 11. Thus, Fenstermaker bears the burden to plead and prove facts showing that he requested a public record under R.C. 149.43(B)(1) and that the prosecutor's office failed to make the record available. *Ware* at ¶ 11. "[A] writ of mandamus will not issue when the

4

uncontroverted evidence shows that the requested documents do not exist." *State ex rel. Hedenberg v. N. Cent. Corr. Complex*, 2020-Ohio-3815, ¶ 7.

{¶ 11} R.C. 2335.25 provides that a county prosecuting attorney must enter in a cashbook or journal an accurate amount of all funds collected or received in his official capacity. The statute further states that the cashbook is a public record of a prosecutor's office; however, the statute does not require that a cashbook be kept if the prosecuting attorney does not collect or receive any funds in his official capacity.

{¶ 12} Fenstermaker argues that the records-retention schedule used by the prosecutor's office suggests that the prosecutor's office used to keep a cashbook. But VanEerten avers that the prosecutor's office has not done so since he assumed office in 2017. A public office or public-records custodian has no duty to produce records that do not exist. *See Scott*, 2024-Ohio-2694, at ¶ 12. Absent contrary evidence, a public office or public-records custodian may establish by averment in an affidavit that a requested record does not exist. *See id*.

{¶ 13} To rebut VanEerten's affidavit, Fenstermaker must prove by clear and convincing evidence that the prosecutor's office has kept a cashbook. *See State ex rel. Culgan v. Jefferson Cty. Prosecutor*, 2024-Ohio-4715, ¶ 13. Other than the records-retention schedule, Fenstermaker provides no evidence showing that the prosecutor's office has done so. Fenstermaker's evidence of the existence of a records-retention schedule is not clear and convincing evidence that rebuts VanEerten's attestation in his affidavit that no cashbook exists. *See State ex rel. Mobley v. Witt*, 2025-Ohio-868, ¶ 11-13. Indeed, "'the existence of a particular records schedule at a public office does not necessarily mean that the public office has records encompassed by that schedule.'" *Id*. at ¶ 13, quoting *State ex rel. Mobley v. Bates*, 2024-Ohio-2827, ¶ 9. Because uncontroverted evidence shows that the requested cashbook does not exist, we deny the writ.

*C. Fenstermaker is not entitled to statutory damages*

**{¶ 14}** Fenstermaker argues that he is entitled to $1,000 in statutory damages because the prosecutor's office has not produced the requested cashbook. R.C. 149.43(C)(2) allows a requester of public records to recover statutory damages if (1) he has submitted a written public-records request "by hand delivery, electronic submission, or certified mail," (2) the request "fairly describes the public record or class of public records to the public office or person responsible for the requested public records," and (3) "a court determines that the public office or the person responsible for public records failed to comply with an obligation" set forth in R.C. 149.43(B).[1]  Fenstermaker has not shown that the prosecutor's office failed to comply with an obligation under R.C. 149.43(B).  By informing Fenstermaker that the requested cashbook does not exist, the prosecutor's office complied with R.C. 149.43(B).  *See Witt* at ¶ 22.  Therefore, Fenstermaker is not entitled to a statutory-damages award.

### III.  CONCLUSION

**{¶ 15}** Because uncontroverted evidence submitted in this case shows that the cashbook he requested does not exist, we deny Fenstermaker's requests for a writ of mandamus and for an award of statutory damages.

Writ denied.

_____

Tony Fenstermaker, pro se.

James VanEerten, Ottawa County Prosecuting Attorney, for respondent.

_____

---

1. The General Assembly has recently made amendments to R.C. 149.43, most notably in 2024 Sub.H.B. No. 265 (effective Apr. 9, 2025), and some provisions have been renumbered.  This opinion applies the version of the statute enacted in 2024 Sub.S.B. No. 29 (effective Oct. 24, 2024).