[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Rosnick v. Geauga Cty. Sheriff's Office*, Slip Opinion No. 2026-Ohio-1127.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2026-OHIO-1127

THE STATE EX REL. ROSNICK *v.* GEAUGA COUNTY SHERIFF'S OFFICE ET AL.

**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Rosnick v. Geauga Cty. Sheriff's Office*, Slip Opinion No. 2026-Ohio-1127.]**

*Mandamus—Public-records requests—Relator failed to establish by clear and convincing evidence that county sheriff's office possesses records responsive to her public-records request that it has failed to produce—R.C. 149.43 does not prohibit a public office from asserting for the first time in litigation that it does not possess records responsive to a public-records request—Writ and relator's requests for statutory damages, attorney fees, and court costs denied.*

(No. 2025-0683—Submitted January 6, 2026—Decided April 2, 2026.)

IN MANDAMUS.

_____

The per curiam opinion below was joined by KENNEDY, C.J., and FISCHER, DEWINE, BRUNNER, DETERS, HAWKINS, and SHANAHAN, JJ.

**Per Curiam.**

{¶ 1} In this original action, relator, Jocelyn Rosnick of the ACLU of Ohio Foundation, seeks a writ of mandamus ordering respondents, the Geauga County Sheriff's Office and Geauga County Sheriff Scott A. Hildenbrand (collectively, "the sheriff's office"), to produce records she requested under R.C. 149.43, Ohio's Public Records Act. The records at issue are any "[c]ontracts, drafts of contracts, and related memorandums" that the sheriff's office executed with the United States Department of Homeland Security ("DHS"), United States Immigration and Customs Enforcement ("ICE"), and/or the United States Marshals Service ("USMS") from June 1, 2024, to March 3, 2025. The sheriff's office denied the request, explaining that the release of such records is prohibited by federal law. After we granted an alternative writ, the sheriff's office submitted an affidavit asserting that it did not execute any contracts with DHS, ICE, or USMS during the relevant period. Rosnick then filed a motion for leave to file revised evidence to rebut the affidavit.

{¶ 2} Construing Rosnick's motion as one requesting leave to file rebuttal evidence, we deny it as untimely under S.Ct.Prac.R. 12.06(B). And because Rosnick has not established by clear and convincing evidence that the sheriff's office possesses records responsive to her public-records request that it has failed to produce, we deny her request for a writ of mandamus and deny her requests for awards of statutory damages, attorney fees, and court costs.

## I. BACKGROUND

### A. Rosnick's Public-Records Request and Ensuing Correspondence with the Sheriff's Office

{¶ 3} Rosnick emailed a public-records request to the sheriff's office on March 12, 2025, asking for copies of records falling into three categories. And on March 18, she followed up with an email asking that the sheriff's office confirm

2

receipt of her request. The sheriff's office responded by email on April 8, attaching copies of records responsive to two of the categories, but it denied Rosnick's request as to the other category: "[c]ontracts, drafts of contracts, and related memorandums, agreed to and executed by DHS, ICE, and/or USMS . . . with [the sheriff's office] from June 1, 2024 to March 3, 2025." Only this category is at issue in this mandamus action.

{¶ 4} In denying Rosnick's request for contracts with DHS, ICE, and/or USMS, the sheriff's office explained as follows:

> The records are not public per [R.C.] 149.43(A)(1)(v), as the release of such records is prohibited by federal law. Geauga County contracts with the federal government for the housing of [ICE] detainees. We have been advised by legal counsel for [DHS] that the release of requested records would be a violation of the federal Privacy Act, 5 U.S.C. 552a. Additionally, 8 C.F.R. section 236.6 prohibits the disclosure of names or other information relating to ICE detainees by any local government who houses any detainee. We apologize for any inconvenient [sic] this may cause and strongly urge anyone interested in obtaining ICE records to contact the ICE FOIA (Freedom of Information Act) office at ice-foia@ice.dhs.gov.

{¶ 5} Rosnick sent a follow-up email on April 21, clarifying that she was "not seeking personally identifiable information—simply contracts / drafts of contracts and documents directly related to those contracts." She asserted that the federal authorities cited by the sheriff's office do not prohibit disclosure of the records she requested. She further stated that if the requested records contained any personally identifiable information protected under federal law, R.C. 149.43(A)(13) allows for the redaction of that information.

{¶ 6} The sheriff's office responded on April 22, reiterating that such records are not public records, because their release is prohibited by federal law, and citing 44 U.S.C. 3301(A) (a provision of the Federal Records Act) and 26 C.F.R. 122.10(b)(4) (a National Archives and Records Administration regulation) as additional federal authorities supporting the denial. In this email, the sheriff's office again encouraged Rosnick to contact ICE directly to obtain ICE records.

{¶ 7} On May 4, Rosnick emailed the sheriff's office to request confirmation that its April 22 email was a denial of her request for contracts with ICE, DHS, and/or USMS. The sheriff's office responded on May 5 with an email identical to the one it sent on April 22, thus confirming that it had denied that request.

**B. Rosnick's Mandamus Action**

{¶ 8} Rosnick filed this original action on May 20. She requests a writ of mandamus ordering the sheriff's office to produce the contracts, drafts of contracts, and related memoranda she asked for in her March 12, 2025 public-records request. She also asks for statutory damages, court costs, and attorney fees.

{¶ 9} The sheriff's office answered Rosnick's mandamus complaint on June 17, admitting all material factual allegations but disputing Rosnick's interpretation of the legal authority that the sheriff's office had cited in its response to her public-records request. Notably, the sheriff's office admitted that it had "not produced records responsive to one of the three categories," admitted that it had "not denied that [it] possess[es] these records at the time of . . . filing," and admitted that it had "asserted that the requested records are prohibited by [sic] disclosure under federal law." At the same time, however, the sheriff's office asserted as an "affirmative defense" that it does "not possess records responsive to [Rosnick's] request."

{¶ 10} We granted an alternative writ, setting a schedule for the submission of evidence and briefs. 2025-Ohio-2934. On September 9, the parties filed an

agreed statement of facts and evidence, which include Rosnick's public-records request and her ensuing email correspondence with the sheriff's office.

{¶ 11} Also on September 9, the sheriff's office submitted as additional evidence an affidavit from its records clerk. As relevant here, the records clerk avers that the sheriff's office (1) "did not agree to and/or executed [sic] any contract with the DHS, ICE, or the USMS at any time between June 1, 2024 and March 3, 2025," (2) "did execute a contract with the USMS on March 20, 2024, which took effect on April 1, 2024," (3) "does not have in its possession any draft of the contract" with USMS, and (4) "did not execute or consider any amendments to the contract" with USMS.

{¶ 12} After briefing was completed, Rosnick moved to file revised evidence under S.Ct.Prac.R. 3.13(B)(3). The sheriff's office did not file a response opposing the motion.

## II. ANALYSIS

### A. Rosnick's Motion for Leave to File Revised Evidence

{¶ 13} In her motion for leave to file revised evidence, Rosnick contends that the evidence she seeks to submit was "not relevant to the controversy as it was framed at the time of" the parties' joint submission of evidence. She asserts that the proposed evidence became relevant once the sheriff's office submitted—on the deadline for submission of evidence—additional evidence claiming "for the first time" that the sheriff's office did not execute any contracts with DHS, ICE, or USMS from June 1, 2024, to March 3, 2025—the period specified in Rosnick's public-records request. Rosnick's proposed evidence consists of emails that were produced by the sheriff's office in its initial response to the request. The emails were sent from a DHS/ICE "contract specialist" to Sheriff Hildenbrand from June 26, 2024, through January 23, 2025, and they refer to various attached files—including a "new task order," various "subject modification[s]," and a letter "regarding the new ICE invoicing procedures"—none of which were produced to

her. Rosnick claims that these emails demonstrate that the sheriff's office was executing, modifying, or supplementing active contracts with ICE from June 1, 2024, to March 3, 2025.

{¶ 14} Rosnick seeks leave to file her proposed evidence under S.Ct.Prac.R. 3.13(B)(3), which permits a party who wishes to make corrections or additions to a previously filed document to file a motion for leave to file a revised document. She wants to revise the parties' joint submission of evidence to incorporate her additional evidence and supporting affidavit. However, the true object of her motion is to present rebuttal evidence—specifically, to refute evidence submitted by the sheriff's office after the parties' joint submission—namely, an affidavit averring that it does not have records responsive to her request for contracts that it executed with ICE, DHS, and/or USMS.

{¶ 15} Rebuttal evidence is evidence "'given to explain, refute, or disprove new facts introduced into evidence by the adverse party; it becomes relevant only to challenge the evidence offered by an adverse party, and its scope is limited by such evidence.'" *State ex rel. Mobley v. Powers*, 2024-Ohio-104, ¶ 11, quoting *State v. McNeill*, 1998-Ohio-293, ¶ 44. A court has discretion in determining whether to admit rebuttal evidence. *Id*.

{¶ 16} Rosnick contends that "[t]he additional evidence became relevant— and necessary—when [the sheriff's office] suddenly changed [its] position and denied [that it] possess[es] documents sought in this action." Therefore, her motion is properly characterized as a request to file rebuttal evidence. In original actions, a motion for leave to file rebuttal evidence is governed by S.Ct.Prac.R. 12.06(B). That rule provides that the relator may file a motion for leave to file rebuttal evidence "within the time permitted for the filing of [the] relator's reply brief." The briefing schedule we set when granting the alternative writ in this action allowed Rosnick to file a reply brief within seven days after the sheriff's office filed its merit brief. 2025-Ohio-2934. The sheriff's office filed its brief on October 9, 2025.

Rosnick filed her reply brief seven days later, on October 16, but she did not file her motion for leave until October 30. Accordingly, the motion was untimely filed and we deny it.

## B. Rosnick's Request for a Writ of Mandamus

### 1. Legal Standard

{¶ 17} The Public Records Act requires a public office to make copies of public records available to any person upon request. R.C. 149.43(B)(1). A writ of mandamus is an appropriate remedy to compel compliance with the act. *State ex rel. Fenstermaker v. VanEerten*, 2025-Ohio-5298, ¶ 10. To obtain the writ, Rosnick must prove by clear and convincing evidence a clear legal right to the records she requested and a corresponding clear legal duty on the part of the sheriff's office to produce them. *State ex rel. Ware v. Beggs*, 2024-Ohio-611, ¶ 11. Thus, Rosnick bears the burden to plead and prove facts showing that she requested a public record under R.C. 149.43(B)(1) and that the sheriff's office failed to make the record available. *Id*. at ¶ 11. A public office does not have a clear legal duty to furnish records that are not in its possession or control. *State ex rel. Horton v. Kilbane*, 2022-Ohio-205, ¶ 11.

### 2. Rosnick Is Not Entitled to the Writ

{¶ 18} Rosnick seeks a writ of mandamus ordering the sheriff's office to produce "[c]ontracts, drafts of contracts, and related memorandums, agreed to and executed by DHS, ICE, and/or USMS . . . with [the sheriff's office] from June 1, 2024 to March 3, 2025." The sheriff's office has asserted two reasons for denying Rosnick's public-records request as to this category of documents. First, in its initial response to Rosnick's request and in its subsequent email correspondence with her, the sheriff's office asserted that federal law prohibited disclosure of such records. But later, the sheriff's office submitted as additional evidence its records clerk's attestation that the sheriff's office "did not agree to and/or executed [sic] any contract with the DHS, ICE, or the USMS at any time between June 1, 2024

7

and March 3, 2025." Although the records clerk noted that the sheriff's office "did execute a contract with the USMS on March 20, 2024, which took effect on April 1, 2024," that date is outside the time frame specified in Rosnick's public-records request.

{¶ 19} The second reason the sheriff's office gave for its denial is dispositive. Rosnick requested "[c]ontracts, drafts of contracts, and related memorandums" executed from June 1, 2024, to March 3, 2025. In her affidavit, the records clerk attests that the sheriff's office did not agree to or execute any contract with DHS, ICE, or USMS during that period. In her merit brief, Rosnick asserts that the affidavit "cagily [does] not den[y]" the existence of any other responsive documents such as "modifications." But Rosnick did not, in fact, ask in her public-records request for any documents showing modifications to the requested contracts. Moreover, if no responsive contract was executed during the requested dates, then no drafts of or memoranda related to such a contract could exist. Accordingly, nothing in the evidence jointly submitted by the parties establishes that the sheriff's office either executed a contract with any of the three federal agencies between June 1, 2024, and March 3, 2025, or possesses drafts of or memoranda related to a contract executed between those dates.

{¶ 20} Rosnick argues that if the sheriff's office did not possess records responsive to her request for contracts with ICE, DHS, and/or USMS, it was obligated to say so "[b]efore [f]orcing [her] to [f]ile [s]uit." This argument lacks merit. R.C. 149.43(B)(3) provides that if a public office denies a public-records request, it must provide the requester with an explanation, including legal authority, setting forth why the request is denied. However, in defending against a mandamus action commenced under R.C. 149.43(C), the public office is not precluded from relying on additional reasons or legal authority supporting the denial. R.C. 149.43(B)(3); *see also State ex rel. Ware v. Smith*, 2025-Ohio-1856, ¶ 16. Although this court has clarified—as an exception to this general rule—that a public office

may not oppose a request as overbroad for the first time in litigation, *State ex rel. Summers v. Fox*, 2020-Ohio-5585, ¶ 74, that exception does not apply in this case. R.C. 149.43 does not prohibit a public office from asserting for the first time in litigation that it does not possess responsive records.

{¶ 21} A public office does not have a clear legal duty to furnish records that are not in its possession or control. *Horton*, 2022-Ohio-205, at ¶ 11. Rosnick requested contracts the sheriff's office had executed with DHS, ICE, and/or USMS during a particular period, along with drafts of or memoranda related to those contracts. The sheriff's office presented evidence indicating that it does not possess records responsive to this request, because it did not execute any contracts with DHS, ICE, and/or USMS during that period. Because Rosnick has not proved by clear and convincing evidence that the sheriff's office possesses responsive records that it has not produced, she has not shown that the sheriff's office has a clear legal duty to furnish the contracts she requested. Accordingly, Rosnick has not established that she is entitled to a writ of mandamus.

### 3. Rosnick's Requests for Statutory Damages, Attorney Fees, and Court Costs

{¶ 22} Rosnick contends that she is entitled to awards of statutory damages, attorney fees, and court costs because the sheriff's office failed to promptly produce the contracts she requested. Statutory damages shall be awarded in a public-records mandamus action if the court determines that the public office failed to comply with an obligation under R.C. 149.43(B). R.C. 149.43(C)(3); *see also State ex rel. Castellon v. Cuyahoga Cty. Prosecutor's Office*, 2025-Ohio-2787, ¶ 17. Here, because Rosnick has not shown that the sheriff's office violated R.C. 149.43(B), we deny her request for statutory damages. We deny Rosnick's requests for attorney fees and court costs for the same reason. *See* R.C. 149.43(C)(4)(b) (attorney fees) and (C)(4)(a)(i) (court costs); *see also State ex rel. Frank v. Clermont Cty. Prosecutor*, 2021-Ohio-623, ¶ 23 (denying requests for awards of

attorney fees and court costs in mandamus action when public office had not breached any obligation under R.C. 149.43(B)).

### III. CONCLUSION

{¶ 23} For the foregoing reasons, we deny Rosnick's request for a writ of mandamus, deny her requests for awards of statutory damages, court costs, and attorney fees, and deny her motion for leave to file revised evidence.

Writ denied.

_____

ACLU of Ohio Foundation, Inc., Amy Gilbert, and Freda J. Levenson, for relator.

Meyers Roman Friedberg & Lewis, David M. Smith, and Amily A. Imbrogno, for respondents.

_____