**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Payne v. Rose*, Slip Opinion No. 2023-Ohio-3801.]**

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2023-OHIO-3801

THE STATE EX REL. PAYNE *v*. ROSE.

**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Payne v. Rose*, Slip Opinion No. 2023-Ohio-3801.]**

*Mandamus—Public-records requests—R.C. 149.43—When requested record is provided to requester by public office prior to instituting action, requester does not have a cognizable claim in mandamus—Writ and request for statutory damages denied.*

(No. 2022-1548—Submitted August 22, 2023—Decided October 24, 2023.)

IN MANDAMUS.

_____

**Per Curiam.**

{¶ 1} This is an original action in mandamus brought under Ohio's Public Records Act, R.C. 149.43, by relator, Kevin L. Payne, against respondent, Kelly Rose, who is employed by the Ohio Department of Rehabilitation and Correction ("ODRC") as an inspector at the Richland Correctional Institution ("RCI"). Payne

seeks a writ of mandamus ordering Rose to produce a copy of a support ticket. Payne also seeks an award of statutory damages. We deny the requested relief.

## I. BACKGROUND

{¶ 2} At all times relevant to this case, Payne was an inmate at RCI. On August 4, 2022, he sent a public-records request to Rose through RCI's "JPay" electronic-kite-communication system, which is a means of communication between inmates and prison staff, for a copy of JPay support ticket number MACI 1220002928, among other things. That same day, Rose informed Payne that he would need to pay for all requested copies.

{¶ 3} On August 19, Payne sent a follow-up kite to the inspector's office at RCI, stating that he had paid for the copy of the support ticket but had not received it. Three days later, Samantha Daugherty, who works in the inspector's office, responded to Payne and informed him that his requested record could not be found. As part of her response, Daugherty suggested to Payne that if the requested copy was a communication between Payne and JPay, then Payne might want to contact JPay. Daugherty explained, "[W]e do not have access to view or even print communication[s] with JPAY."

{¶ 4} According to an affidavit submitted by Rose in this case, JPay is an ODRC vendor that provides the service that permits kites to be sent between inmates and prison staff. Rose attests that because ODRC cannot access communications that inmates submit directly to JPay staff, Rose contacted JPay, obtained the requested record, and provided a copy of it to Payne on November 15. Rose attached as an exhibit to his affidavit a copy of the record that he had produced to Payne.

{¶ 5} On December 15, Payne brought this original action seeking a writ of mandamus ordering Rose to produce a copy of the requested record and seeking an award of statutory damages. After we denied Rose's motion to dismiss and granted

2

an alternative writ, Payne and Rose filed evidence and merit briefs.  Payne did not file a reply brief.

## II.  ANALYSIS

### A.  *Mandamus*

{¶ **6**} Mandamus is an appropriate remedy to compel compliance with R.C. 149.43.  *State ex rel. Physicians Commt. for Responsible Medicine v. Ohio State Univ. Bd. of Trustees*, 108 Ohio St.3d 288, 2006-Ohio-903, 843 N.E.2d 174, ¶ 6; R.C. 149.43(C)(1)(b).  To obtain the requested writ, Payne must show that he has a clear legal right to the requested relief and that Rose has a clear legal duty to provide it.  *State ex rel. Ellis v. Maple Hts. Police Dept.*, 158 Ohio St.3d 25, 2019-Ohio-4137, 139 N.E.3d 873, ¶ 5.

{¶ **7**} Payne argues that he is entitled to a writ of mandamus compelling Rose to produce a copy of the support ticket.  The undisputed evidence establishes that on November 15, 2022, Rose produced a copy of the ticket to Payne.

{¶ **8**} Generally, a mandamus claim becomes moot when the respondent produces the requested record to the relator.  *See State ex rel. Martin v. Greene*, 156 Ohio St.3d 482, 2019-Ohio-1827, 129 N.E.3d 419, ¶ 7.  But in *Martin*, unlike here, the requester received the record *after* he brought his mandamus action.  The requester in *Martin* therefore had a cognizable claim in mandamus when he brought his action.  Here, by contrast, Payne received his requested record *before* instituting this action.  Therefore, at this action's inception, Payne never had a cognizable claim in mandamus.  Given this distinction, we deny Payne's mandamus claim outright, rather than deny it as moot.

### B.  *Statutory damages*

{¶ **9**} A requester who transmits a fairly described public-records request by an authorized-delivery method is entitled to an award of statutory damages if a court determines that the public office responsible for the requested public record failed to comply with an obligation under R.C. 149.43(B).  R.C. 149.43(C)(2).

**{¶ 10}** Payne claims that he is entitled to statutory damages because he sent his public-records request by electronic kite and Rose failed to comply with R.C. 149.43(B)(1). For his part, Rose counters with several arguments why Payne should not be awarded statutory damages. But we need not evaluate Rose's counterarguments to decide this aspect of the case, because a straightforward application of R.C. 149.43(C)(2) dictates that statutory damages are unavailable: Payne received the requested record prior to filing his mandamus action and therefore never had a cognizable claim in mandamus under the Public Records Act. Accordingly, statutory damages did not accrue under the statute.

### III. CONCLUSION

**{¶ 11}** Payne's request for a writ of mandamus and an award of statutory damages is denied.

Writ denied.

KENNEDY, C.J., and FISCHER, DEWINE, DONNELLY, STEWART, BRUNNER, and DETERS, JJ., concur.

––––––––––––––––––

Kevin L. Payne, pro se.

Dave Yost, Attorney General, and D. Chadd McKitrick, Assistant Attorney General, for respondent.

––––––––––––––––––

4