**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Ware v. Beggs*, Slip Opinion No. 2024-Ohio-611.]**

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2024-OHIO-611

THE STATE EX REL. WARE *v.* BEGGS, MGR., ET AL.

**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Ware v. Beggs*, Slip Opinion No. 2024-Ohio-611.]**

*Mandamus—Public-records requests—Relator failed to clearly and convincingly show that records custodian failed to send the records he had requested or that records custodian had failed to comply with an obligation under R.C. 149.43(B) at time of filing of complaint—Writ denied as moot and statutory damages denied.*

(No. 2023-0138—Submitted January 9, 2024—Decided February 22, 2024.)

IN MANDAMUS.

_____

**Per Curiam.**

{¶ 1} This is an original action in mandamus brought under Ohio's Public Records Act, R.C. 149.43, by relator, Kimani E. Ware, against respondents, Lori Beggs and Trumbull Correctional Institution ("TCI"). Ware seeks (1) a writ of mandamus ordering respondents to produce public records and (2) an award of

statutory damages. We deny the writ as moot and deny Ware's request for statutory damages.

## I. BACKGROUND

{¶ 2} During the time period relevant to this case, Ware was an inmate at TCI and Beggs was the manager of TCI's cashier's office. The cashier's office oversees incoming and outgoing funds to inmates' personal accounts.

### A. *Ware's December 26, 2021 request for a six-month printout*

{¶ 3} On December 26, 2021, Ware sent the cashier's office an electronic kite requesting "a six month printout of [his] account."[1] The same day, Beggs printed the record and placed it in the mailbox associated with TCI's institutional-mail system for delivery to Ware on December 27. Ware claims that he did not receive the record.

### B. *Ware's February 10, 2022 request for cash slips*

{¶ 4} On February 10, 2022, Ware sent the cashier's office an electronic kite requesting "a copy of the following check out-slips (cash-slips): 1. Check out slip: dated 10/4/2021 made out to ohio dept. of rehab. & corr. 2. Check out slip: dated 12/27/20221 [sic] made to cuyahoga co. clerk of courts." (Capitalization sic.) Beggs responded to Ware roughly one hour later, stating: "I have pulled and copied the cash slips. Please send a cash slip for .10. Each page is .05 per copy." Ware

---

1. The obligation to provide public records is placed on "a public office or person responsible for public records." R.C. 149.43(B)(1). Respondents assert that "Ware never made his public records request to the proper person"—namely, "the warden's assistant/public information officer." Indeed, throughout his history of filing public-records requests, Ware has shown that he knows how to identify the person responsible for public records. *See, e.g.*, *State ex rel. Ware v. Wine*, 169 Ohio St.3d 791, 2022-Ohio-4472, 207 N.E.3d 807, ¶ 4 (lead opinion) (deputy warden informed Ware that requests "should be made to a Mr. Booth"); *State ex rel. Ware v. Ohio Dept. of Rehab. & Corr.*, Supreme Court case No. 2023-0090 (involving public-records requests Ware sent to Glenn Booth, the public-information officer for Trumbull Correctional Institution).

Regardless, we need not resolve whether Beggs is the "person responsible" for the requested records because Ware has not "prove[d] facts showing that * * * [the] records custodian did not make the record available," *Welsh-Huggins v. Jefferson Cty. Prosecutor's Office*, 163 Ohio St.3d 337, 2020-Ohio-5371, 170 N.E.3d 768, ¶ 26.

responded to Beggs later that afternoon, stating that he was sending a $.10 cash slip and that the cashier's office would receive it the next day.

{¶ 5} On February 15, Ware sent the cashier's office a follow-up electronic kite noting that the $.10 cash slip had been paid but that he had not received the cash slips he had requested. Beggs responded the next day, agreeing with Ware that the cashier's office had withdrawn the $.10 from his account and telling him that the slips he had requested were placed in the mail on February 14.

{¶ 6} On February 18, Ware sent the cashier's office another follow-up electronic kite, stating that he still had not received the cash slips and renewing his request that the cashier's office send them to him. Beggs responded a little more than two hours later, informing Ware that the slips had been placed in the mail and that he should "check with Mr. Gibson in the mailroom."

### C. Ware's mailroom inquiries

{¶ 7} On February 18, Ware received a pass to visit the mailroom and spoke to Gibson about the whereabouts of the request for cash slips he sent on February 10. Because Gibson could not locate the slips, he inferred that Beggs had not sent the slips as she had claimed. According to Ware, Gibson told him that "if Ms. Beggs put [the slips] in the mail they would be here in the mailroom" and that because they were not there, "she did not put them in the mail as she claimed."

{¶ 8} On March 9, Ware received another pass to visit the mailroom. According to Ware, Gibson again told him that because the cash slips were not in the mailroom, Beggs must not have mailed them. Gibson also told Ware that the six-month printout he requested on December 26 was not in the mailroom.

### D. Ware's complaint

{¶ 9} Ware filed his complaint in January 2023, seeking a writ of mandamus ordering the production of the records he had requested from December 26 through February 10. Thereafter, this court denied Ware's requests for a default judgment, granted Beggs's motion to set the matter for briefing, and granted an alternative

writ ordering the submission of evidence and briefs. 170 Ohio St.3d 1487, 2023-Ohio-2348, 212 N.E.3d 932. Ware and Beggs have filed evidence and briefs.

### *E. Ware's new affidavit*

**{¶ 10}** In September 2023, on the day after Ware was supposed to file his reply brief, he filed an affidavit attesting that he had received the cash slips from Beggs but that he still had not received the six-month printout.

## II. ANALYSIS

### *A. Mandamus*

**{¶ 11}** Mandamus is an appropriate remedy to compel compliance with the Public Records Act. *State ex rel. Physicians Commt. for Responsible Medicine v. Ohio State Univ. Bd. of Trustees*, 108 Ohio St.3d 288, 2006-Ohio-903, 843 N.E.2d 174, ¶ 6; R.C. 149.43(C)(1)(b). To obtain the writ, Ware must show by clear and convincing evidence, *State ex rel. Pietrangelo v. Avon Lake*, 149 Ohio St.3d 273, 2016-Ohio-5725, 74 N.E.3d 419, ¶ 14, that he has a clear legal right to the requested relief and that Beggs has a clear legal duty to provide it, *State ex rel. Ellis v. Maple Hts. Police Dept.*, 158 Ohio St.3d 25, 2019-Ohio-4137, 139 N.E.3d 873, ¶ 5. Ware bears the burden to plead and prove facts showing that he requested a public record under R.C. 149.43(B)(1) and that the public office or records custodian failed to make the record available. *Welsh-Huggins v. Jefferson Cty. Prosecutor's Office*, 163 Ohio St.3d 337, 2020-Ohio-5371, 170 N.E.3d 768, ¶ 26.

**{¶ 12}** When Ware filed his merit brief, he argued that he had not yet received either the six-month printout or the cash slips he had requested. But as mentioned above, in Ware's September 2023 affidavit, he attests that he has received copies of the cash slips but not a copy of the six-month printout.

**{¶ 13}** Ware's September 2023 affidavit provides a basis for concluding that his mandamus claim as to the cash slips is moot. But we do not factor this affidavit into our mandamus analysis, because Ware's claims as to the cash slips *and* the six-month printout were moot before he filed the affidavit. The reason is

that Ware has failed to clearly and convincingly show that Beggs failed to send him the records he had requested.

{¶ 14} We considered a question similar to the one presented here in *Ellis*, 158 Ohio St.3d 25, 2019-Ohio-4137, 139 N.E.3d 873. There, an inmate provided an affidavit attesting that he had not received records from a police department in response to his public-records request. The police department's records clerk, however, provided an affidavit attesting that the department had mailed all responsive documents to the inmate. This court affirmed the court of appeals' denial of the inmate's request for a writ of mandamus. We observed: "Although it is possible that [the inmate] has not received the documents, he has not contradicted the evidence showing that [the police department] satisfied any duty it may have had by mailing him the responsive documents." *Id.* at ¶ 6. Continuing, we concluded that "[b]ecause [the police department] satisfied its duty in relation to [the inmate's] request, the mandamus claim is moot." *Id.* at ¶ 7.

{¶ 15} Here, Beggs sent Ware what he had asked for by depositing the requested records in TCI's institutional-mail system. Whatever may have happened to the records after that was beyond Beggs's control.

{¶ 16} We recognize that Gibson told Ware that Beggs must not have placed the records he had requested in the mail because they were not in the mailroom. But Gibson had no personal knowledge as to whether Beggs had mailed the slips; he simply inferred that she had not based on the slips' absence. Accordingly, Gibson's statements to Ware are not evidence but merely inferences that he made based on his failure to locate the records in the mailroom. There is no indication in the record that Gibson directly communicated with Beggs to confirm these inferences. Because Ware has offered nothing more than these inferences, we cannot conclude that he has clearly and convincingly shown that Beggs failed to place the records in the mail. Ware's mandamus claim must be denied as moot.

*See State ex rel. Barr v. Wesson*, __ Ohio St.3d __, 2023-Ohio-3645, __ N.E.3d __, ¶ 13; *see also Ellis* at ¶ 7.

### *B. Statutory damages*

{¶ 17} A requester who transmits by electronic submission a fairly described public-records request to a public office is entitled to an award of statutory damages if a court determines that the public office failed to comply with an obligation under R.C. 149.43(B). R.C. 149.43(C)(2). One of a public office's obligations under R.C. 149.43(B) is to make the records available to the requester "within a reasonable period of time." R.C. 149.43(B)(1). There is no dispute here that Ware fairly described the records he identified in his public-records requests. And this court has held that a request sent by electronic kite, as here, constitutes a method of electronic submission. *See State ex rel. Griffin v. Sehlmeyer*, 165 Ohio St.3d 315, 2021-Ohio-1419, 179 N.E.3d 60, ¶ 21. The question then, is whether, as Ware argues, Beggs failed to produce the requested records within a reasonable time.

{¶ 18} We deny Ware's request for statutory damages because he has not met his heightened burden of proof to show that at the time he filed this action, Beggs had failed to comply with an obligation under R.C. 149.43(B). *See State ex rel. Ware v. DeWine*, 163 Ohio St.3d 332, 2020-Ohio-5148, 170 N.E.3d 763, ¶ 25 (denying statutory damages even though the relator never received requested records because evidence showed that governor had sent the records and "[w]hat happened to the documents after that was beyond the governor's control"); *Pietrangelo*, 149 Ohio St.3d 273, 2016-Ohio-5725, 74 N.E.3d 419, at ¶ 27.

{¶ 19} It follows that because Beggs had complied with her obligations under the Public Records Act as of the filing of Ware's complaint, statutory damages could not have begun to accrue. *See State ex rel. Payne v. Rose*, __ Ohio St.3d __, 2023-Ohio-3801, __ N.E.3d __, ¶ 10 (because public office had complied with its obligations under R.C. 149.43(B) by the time the relator filed mandamus

action, the relator was not entitled to statutory damages); R.C. 149.43(C)(2) (statutory damages begin to accrue on day the relator files a mandamus action).

### III. CONCLUSION

{¶ 20} We deny the writ of mandamus as moot and deny Ware's request for statutory damages.

Writ denied.

FISCHER, DEWINE, DONNELLY, STEWART, and DETERS, JJ., concur.

KENNEDY, C.J., and BRUNNER, J., concur in judgment only.

––––––––––––––––––

Kimani E. Ware, pro se.

Dave Yost, Attorney General, and George Horváth, Assistant Attorney General, for respondents.

––––––––––––––––––