**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Clark v. Dept. of Rehab. & Corr.*, Slip Opinion No. 2025-Ohio-4965.]**

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2025-OHIO-4965

THE STATE EX REL. CLARK *v.* DEPARTMENT OF REHABILITATION AND CORRECTION.

**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Clark v. Dept. of Rehab. & Corr.*, "Slip Opinion No." 2025-Ohio-4965.]**

*Mandamus—Public-records requests—Inmate failed to prove by clear and convincing evidence that public office failed to properly respond to public-records requests—Relator's self-serving affidavit cannot be used to contradict relator's own evidence indicating that public-records requests were fulfilled—Writ and relator's request for statutory damages denied.*

(No. 2024-1653—Submitted June 24, 2025—Decided November 4, 2025.)

IN MANDAMUS.

_____

The per curiam opinion below was joined by FISCHER, DEWINE, BRUNNER, DETERS, HAWKINS, and SHANAHAN, JJ. KENNEDY, C.J., concurred in judgment only.

**Per Curiam.**

{¶ 1} Relator, Thomas Clark, an inmate at the Lebanon Correctional Institution ("LeCI"), brings this public-records mandamus action against respondent, the Ohio Department of Rehabilitation and Correction ("ODRC"). Clark alleges that he submitted public-records requests by electronic kite to ODRC but that he did not receive the requested records.[1] Clark requests a writ of mandamus ordering ODRC to produce the requested public records. He also requests that we award him $2,000 in statutory damages. We deny the writ and deny Clark's request for statutory damages.

## I. FACTS AND PROCEDURAL HISTORY

### A. Clark's public-records requests

{¶ 2} Clark claims that he submitted three public-records requests to ODRC, two of which remain unfulfilled. Clark submitted the two allegedly unfulfilled public-records requests by electronic kite on October 9 and 16, 2024.

{¶ 3} In the October 9 public-records request, Clark sought a paper copy of a grievance he previously filed and a paper copy "of all metadata for [an] 8/26/24 electronic kite" ("August 26 kite") that he previously sent ODRC in which he requested audio and video recordings. Clark alleges that he received a paper copy of the requested grievance and a copy of the August 26 kite but that he did not receive the requested metadata. Clark further alleges that ODRC did not produce the metadata after he followed up on his request.

{¶ 4} Although Clark claims that he never received a copy of the metadata for the August 26 kite, he attests in his affidavit that he sent ODRC a confirmation

---

1. "A 'kite' is written by an inmate to a member of the prison staff and is 'a means for inmates to contact staff members inside [an] institution.'" (Bracketed text added in *Martin*.) *State ex rel. Martin v. Greene*, 2019-Ohio-1827, ¶ 3, fn.1, quoting *State v. Elmore*, 2017-Ohio-1472, ¶ 15 (5th Dist.).

receipt by electronic kite for the public-records request he sent on October 9. Clark included a copy of the confirmation receipt in his evidentiary submission. The confirmation receipt acknowledges that Clark received both the grievance and the August 26 kite. The confirmation receipt does not state that the metadata for the August 26 kite is missing.

{¶ 5} In the October 16 public-records request, Clark sought paper copies of (1) an October 9, 2024 electronic message from the LeCI Education Department that informed incarcerated persons that they could electronically file in the Supreme Court of Ohio, (2) a flyer with information on Wilmington College, and (3) the 2024 LeCI winter food menu for the first three weeks.

{¶ 6} Clark alleges that in response to his October 16 public-records request, he received from ODRC the Wilmington College flyer and the winter food menu but not the message about electronic filing in the Supreme Court of Ohio. Instead, Clark alleges that he received a record detailing electronic filing in the United States District Court for the Southern District of Ohio. Despite Clark's allegations in his complaint that he has not received the message about electronic filing in the Supreme Court of Ohio, he attests in his affidavit that he sent ODRC a confirmation receipt acknowledging that he had received the records from his October 16 public-records request.

{¶ 7} Even though Clark attests in his affidavit that he submitted confirmation receipts for both the October 9 and 16 public-records requests, he also attests that the confirmation receipts were sent under duress. According to Clark, he sent the confirmation receipts because he was given a direct order to send them and because he was fearful of being penalized if he refused. Thus, despite sending confirmation receipts related to both public-records requests, Clark claims in this action that ODRC failed to produce all the records requested in his October 9 and 16 public-records requests.

## B. Procedural history

**{¶ 8}** In his complaint, Clark asks that we order ODRC to produce paper copies of the metadata for the August 26 kite (from his October 9 public-records request) and the message about electronic filing in the Supreme Court of Ohio (from his October 16 public-records request). He also asks that we award him $2,000 in statutory damages.

**{¶ 9}** After ODRC filed an answer, we granted an alternative writ, setting the schedule for the presentation of evidence and briefs, 2025-Ohio-598. Both Clark and ODRC submitted evidence and merit briefs, but ODRC subsequently filed a motion to withdraw its submitted evidence. We granted ODRC's motion to withdraw its evidence, and ODRC did not move to submit new evidence. Thus, only Clark submitted evidence. While Clark did not file a reply brief, he timely filed a revised merit brief. *See* S.Ct.Prac.R. 3.13(B)(1).

## II. ANALYSIS

### A. Clark's request for a writ of mandamus

**{¶ 10}** "The Ohio Public Records Act, R.C. 149.43, requires a public office to make copies of public records available to any person upon request within a reasonable period of time." *State ex rel. Ware v. Akron*, 2021-Ohio-624, ¶ 11; *see also* R.C. 149.43(B)(1). A writ of mandamus is an appropriate remedy to compel a public office to comply with the Public Records Act. *State ex rel. Adkins v. Cole*, 2025-Ohio-1026, ¶ 6; R.C. 149.43(C)(1)(b). To obtain the writ, Clark must prove by clear and convincing evidence a clear legal right to the records he requested and a corresponding clear legal duty on the part of ODRC to provide the records. *Adkins* at ¶ 6. Clark bears the burden to plead and prove facts showing that he requested public records under R.C. 149.43(B)(1) and that ODRC failed to make the records available. *State ex rel. Ware v. Beggs*, 2024-Ohio-611, ¶ 11.

**{¶ 11}** Clark argues that he never received a paper copy of either the metadata for the August 26 kite (from his October 9 public-records request) or the

message regarding electronic filing in the Supreme Court of Ohio (from his October 16 public-records request). However, Clark attests in his affidavit that he sent ODRC confirmation receipts by electronic kite that acknowledged receipt related to both his October 9 and 16 public-records requests. And Clark included in his evidence submission a copy of the confirmation receipt related to his October 9 public-records request, in which he acknowledges receiving paper copies of the grievance and the August 26 kite. That confirmation receipt does not mention the allegedly missing metadata.

{¶ 12} When a relator receives requested public records before filing a mandamus action, there is no cognizable mandamus claim to compel production of the records. *State ex rel. Payne v. Rose*, 2023-Ohio-3801, ¶ 8. In this case, Clark submitted evidence that he sent confirmation receipts to ODRC related to his October 9 and 16 public-records requests before he filed this mandamus action.

{¶ 13} Clark attests in his affidavit that the confirmation receipts for his October 9 and 16 public-records requests are not accurate, because he sent them under duress for fear of being penalized if he refused. Thus, Clark argues that he has not received all requested records even though he submitted confirmation receipts related to both of his public-records requests.

{¶ 14} We have held that when a respondent has provided evidence indicating that it produced requested public records, the relator's self-serving affidavit contradicting that evidence is not enough to meet the relator's burden of proof. *Adkins*, 2025-Ohio-1026, at ¶ 12. In this case, Clark's own evidence and affidavit acknowledge that ODRC responded to his public-records requests. Clark then contradicts that evidence in his affidavit by claiming that he did not in fact receive two records and that he sent the confirmation receipts only because he was under duress.

{¶ 15} But the record does not support Clark's claim of duress. Clark's evidence shows that in September 2024, he filed a grievance with ODRC related to

him receiving a direct order to confirm receipt for a different public-records request not at issue here. In response to that grievance, ODRC informed Clark that confirmation receipts are used to ensure that public-records requests are fulfilled and that Clark was not being ordered to provide false information.

{¶ 16} Just as self-serving testimony fails to overcome contradicting evidence of a respondent, *id*., Clark cannot meet his burden of proof by offering a self-serving affidavit to contradict his own evidence showing that ODRC fulfilled its duty to respond to his public-records requests.

{¶ 17} And even if we weigh Clark's self-serving testimony, he still fails to meet his burden of proof because the evidence on the issue is at best evenly balanced. *See State ex rel. Barr v. Wesson*, 2023-Ohio-3645, ¶ 13 (finding that evenly balanced evidence fails to show entitlement to a writ of mandamus by clear and convincing evidence). Because Clark has failed to prove facts showing that ODRC failed to properly respond to his October 9 and 16 public-records requests, Clark is not entitled to mandamus relief. *See Beggs*, 2024-Ohio-611, at ¶ 11. Therefore, we deny Clark's request for a writ of mandamus.

## B. Clark's request for statutory damages

{¶ 18} Clark argues that he is entitled to up to $2,000 in statutory damages related to his October 9 and 16 public-records requests. "A public-records requester may obtain statutory damages 'if a court determines that the public office or the person responsible for public records failed to comply with an obligation' under R.C. 149.43(B)."[2] *State ex rel. Mobley v. Viehweger*, 2024-Ohio-4748, ¶ 11. Because Clark failed to establish that his October 9 and 16 public-records requests went unfulfilled by ODRC, he is not entitled to statutory damages. *See State ex rel.*

---

2. The General Assembly has recently made amendments to R.C. 149.43, most notably in 2024 Sub.H.B. No. 265 (effective April 9, 2025), and some provisions have been renumbered. This opinion applies the version of the statute enacted in 2023 Am.Sub.H.B. No. 33 (effective Oct. 3, 2023).

*Mack v. Ohio State Hwy. Patrol Cent. Records*, 2025-Ohio-1332, ¶ 16 (request for statutory damages denied when relator failed to show a public office's noncompliance with an obligation under R.C. 149.43(B)).

### III.  CONCLUSION

{¶ 19} Because Clark's own evidence shows that ODRC produced the requested records before Clark filed his mandamus action, we deny the writ and his request for statutory damages.

Writ denied.

_____

Thomas Clark, pro se.

Dave Yost, Attorney General, and D. Chadd McKitrick, Assistant Attorney General, for respondent.

_____