**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Cook v. Magee*, Slip Opinion No. 2026-Ohio-1106.]**

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2026-OHIO-1106

THE STATE EX REL. COOK *v.* MAGEE.

**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Cook v. Magee*, Slip Opinion No. 2026-Ohio-1106.]**

*Mandamus—Public records—R.C. 149.43—Relator seeks a writ of mandamus to order production of a record he has been provided access to, so writ would be redundant—Statutory damages denied because record was made available to relator on day he filed his complaint—Writ denied as moot.*

(No. 2025-0007—Submitted June 24, 2025—Decided April 1, 2026.)

IN MANDAMUS.

_____

The per curiam opinion below was joined by KENNEDY, C.J., and FISCHER, DEWINE, DETERS, HAWKINS, and SHANAHAN, JJ. BRUNNER, J., dissented and would order respondent to work with relator to determine whether the video is corrupted and would defer consideration of the merits and relator's request for damages until after the parties make such determination.

**Per Curiam.**

{¶ 1} Relator, Joshua D. Cook, requested a copy of video footage from the surveillance system of Chillicothe Correctional Institution ("CCI"), where he is imprisoned. CCI's records custodian, respondent, Natalie Magee, initially told Cook that she had sent the video footage to the attorney general's office and that he was not permitted to have security footage. But the day that Cook filed this action for a writ of mandamus to enforce his request, Magee told him that he could view the video footage, although for prison-security reasons he was not permitted to have a copy on a DVD. Later, at Cook's request, Magee mailed a DVD containing a copy of the footage to Cook's agent.

{¶ 2} Because Magee has provided the requested record, we deny as moot Cook's petition for a writ of mandamus. And because Magee gave Cook access to the record the day that Cook filed this action, we deny Cook's request for an award of statutory damages.

## I. FACTS AND PROCEDURAL HISTORY

{¶ 3} Magee is the warden's administrative assistant and CCI's public-information officer, and her job duties include responding to public-records requests made at CCI. On May 22, 2024, Cook sent an electronic kite[1] requesting "that the cameras in mental health be preserved from 9:30 until 10:16 am for 5/22/24 for pending legal issue," explaining that the footage would be subpoenaed. Magee responded that she had "already preserved the video footage and . . . sent [it] to the AG's office to be submitted once the subpoena has been signed . . . ." That evening, Cook sent a second kite, stating, "I make a public records request for the video surveillance from 5/22/24 9:30 - 10:16am. . . . Therefore your office is

---

1. A "kite" is a type of written correspondence between an inmate and prison staff. *State ex rel. Griffin v. Szoke*, 2023-Ohio-3096, ¶ 3.

requested to provide such video to me." On May 29, Magee responded, "I have sent the video to be preserved with the Attorney General's office as you are not permitted to have security footage." Cook did not respond.

{¶ 4} Seven months later, on December 30, Cook sent a kite asking for the email address of an attorney at the attorney general's office. Cook followed up on January 2, 2025, saying, "No longer required. Issue resolved. The [attorney general] states they don't have the video. I'll writ of mandamus it." Magee asked whether he was talking about the video footage of the outside of the mental-health offices, which appears to be what Cook had requested in May. Cook confirmed that that was what he was requesting and claimed that the attorney general's office knew nothing about the video footage. On Friday, January 3, Magee told Cook that he was not permitted to have a copy of the video footage on a DVD but that he could review it in person. That same day, Cook filed this action for a writ of mandamus, asserting that Magee had denied his May 22, 2024 public-records request.

{¶ 5} On Monday morning, Magee responded to Cook again, stating, "I did not deny you the video and I said that you are permitted to view the video. You are not permitted to have a DVD as it is a matter of security. You can have a copy forwarded to your attorney or someone else you deem necessary to have a copy. The cost for the DVD is $5 and you will need to pay for it to be sent certified mail. . . . Once you have paid for the DVD and postage, it will be sent out." Magee attests that she followed up on January 8, offering again to let Cook view the video, but Cook declined and insisted that he would pursue the writ of mandamus.

{¶ 6} On January 17, Cook provided an address where Magee could mail the DVD. After he paid for the DVD and postage, Magee sent it on February 12, 2025. Cook attests that his agent received the video footage, but he also attests that "the video does not work."

{¶ 7} After Magee answered the complaint, we granted an alternative writ setting a schedule for the filing of evidence and briefs. *See* 2005-Ohio-1023. Cook asserts in his merit brief that he still does not have the record, because the footage Magee sent to Cook's agent was corrupted and not viewable. He asks for statutory damages. Magee responds that she provided him with the opportunity to view the video footage and mailed a copy of the footage to a person designated by Cook, mooting his claim for mandamus. As for statutory damages, she asserts that she both responded to his request and provided him the opportunity to view the requested footage, absolving her of any fault. She adds that she gave him an opportunity to view the record the same day that he filed his mandamus action, so this court should deny statutory damages.

## II. ANALYSIS

### A. Cook's agent has received the requested record

{¶ 8} R.C. 149.43,[2] Ohio's Public Records Act, requires public offices and persons responsible for public records to make their public records available when properly requested. R.C. 149.43(B)(1). When the records custodian fails in this duty, a writ of mandamus is available to enforce a relator's legal right to the record. R.C. 149.43(C)(1)(b); *see State ex rel. Physicians Commt. for Responsible Medicine v. Ohio State Univ. Bd. of Trustees*, 2006-Ohio-903, ¶ 6.

{¶ 9} To obtain the writ, Cook must prove that he has a clear legal right to the requested record and that Magee has a clear legal duty to provide it. *State ex rel. Cincinnati Enquirer v. Sage*, 2015-Ohio-974, ¶ 10. For a writ of mandamus to issue, there must still be some existing record outstanding. *See State ex rel. Ware v. Vigluicci*, 2024-Ohio-3131, ¶ 10. If a respondent provides the requested record before the suit is filed, the relator has no cause to plead in mandamus. *State ex rel.*

2. The General Assembly has recently amended R.C. 149.43, most notably in 2024 Sub.H.B. No. 265 (effective Apr. 9, 2025), and some provisions have been renumbered. This opinion applies the version of the statute enacted in 2024 Sub.S.B. No. 29 (effective Oct. 24, 2024).

*Payne v. Rose*, 2023-Ohio-3801, ¶ 8. If the respondent provides the record after the complaint is filed, the relator's petition for mandamus is moot, *id.*, citing *State ex rel. Martin v. Greene*, 2019-Ohio-1827, ¶ 7, but claims for statutory damages, attorney's fees, and court costs might remain, *State ex rel. Woods v. Lawrence Cty. Sheriff's Office*, 2023-Ohio-1241, ¶ 7.

{¶ 10} Magee's first response to the request explained that Cook was "not permitted to have security footage." She later told him that he could view the footage but that he was not permitted to possess a copy on a DVD. She has now produced a copy of the record Cook requested by sending a DVD to an outside address that Cook provided. Cook argues that *he* has not received the record, though he confirms that his agent has received the DVD. He also attests that the disc was corrupted and unreadable.

{¶ 11} This court has held that the security risk posed by contraband DVDs is a sufficient reason to deny inmates a DVD copy of video footage. *State ex rel. Slager v. Trelka*, 2024-Ohio-5125, ¶ 30. Magee presented two alternatives: either Cook could come view the video footage or she could send a DVD to an outside party. Either would suffice to provide Cook with access to the video.

{¶ 12} Cook chose to have the DVD sent to a third party. Magee therefore fulfilled any duty to produce the record when she mailed a DVD according to Cook's preference. Although Cook asserts that the record has not been produced because he does not have that DVD, he has not shown that his right to the record trumps the prison's discretion to "'"maintain institutional security."'" *Id.* at ¶ 29, quoting *State ex rel. McDougald v. Sehlmeyer*, 2020-Ohio-3927, ¶ 15, quoting *Briscoe v. Dept. of Rehab. & Corr.*, 2003-Ohio-3533, ¶ 16 (10th Dist.).

{¶ 13} Cook further claims that the file is unreadable and therefore has not been produced. But he does not provide evidence to show that the video was corrupted. He merely submits his own affidavit stating that "the video does not work."

{¶ 14} Magee has provided the record requested, and Cook has not submitted evidence showing that the record was somehow incomplete or otherwise not properly produced. Therefore, we deny as moot Cook's petition for a writ of mandamus.

**B. Magee offered the record to Cook the same day that he filed for a writ of mandamus**

{¶ 15} Cook also asks for statutory damages. A requester shall be entitled to statutory damages if (1) his request was transmitted by an approved means, including electronic submission, (2) the request fairly described the public record being requested, (3) the request was sent to the public office or person responsible for the public record, and (4) "a court determines that the public office or the person responsible for public records failed to comply with an obligation" under R.C. 149.43(B).[3] R.C. 149.43(C)(2); *see Woods*, 2023-Ohio-1241, at ¶ 8. When awarded, statutory damages are set at $100 for each business day "during which the public office or person responsible for the requested public records failed to comply with an obligation" under R.C. 149.43(B), calculated beginning with the day on which the requester filed a mandamus action, with a maximum award of $1,000. R.C. 149.43(C)(2).

{¶ 16} The clock for statutory damages does not start until the requester files an action in mandamus. R.C. 149.43(C)(2). Regardless of any prior delay, Magee provided Cook with an opportunity to view the record the same day that he filed for mandamus. Though Cook refused to view the record and insisted that Magee send the video footage to a third party, Magee fulfilled her duty under the Public Records Act when she made the record available for Cook to view. *See State ex rel. McDougald v. Sehlmeyer*, 2020-Ohio-3927, at ¶ 15 ("There is no

---

3. Cook made his request through the prison kite system, which constitutes an "electronic submission" for purposes of R.C. 149.43(C)(2). *Szoke*, 2023-Ohio-3096, at ¶ 8.

justification for granting a writ of mandamus to compel Sehlmeyer to allow an in-person inspection, especially when, as here, the institution has offered to make the records available by other means.").

{¶ 17} Because after Cook filed his mandamus action, no days passed during which he was unable to access the record he sought, Cook has not shown that he is entitled to an award of statutory damages. Accordingly, we deny his request.

## III. CONCLUSION

{¶ 18} Cook seeks a writ of mandamus to order the production of a record he has been provided access to. The writ would, therefore, be redundant, so we deny it as moot. And we deny statutory damages because the record was made available to him on the day that he filed his complaint.

Writ denied as moot.

————————————

Joshua D. Cook, pro se.

Dave Yost, Attorney General, and Adam Beckler and D. Chadd McKitrick, Assistant Attorneys General, for respondent.

————————————