[Cite as *Brown-Austin v. S. Ohio Corr. Facility*, 2026-Ohio-1715.]

**IN THE COURT OF CLAIMS OF OHIO**

| | |
|---|---|
| YUSUF Y. BROWN-AUSTIN | Case No. 2025-00781PQ |
| Requester | Special Master Adam Z. Morris |
| v. | <u>SUPPLEMENTAL REPORT AND RECOMMENDATION</u> |
| SOUTHERN OHIO CORRECTIONAL FACILITY | |
| Respondent | |

{¶1} This case is before the special master, on remand from the court, for a supplemental report and recommendation related to requester's February 2, 2026 motion for contempt and respondent's satisfaction of the November 18, 2025 report and recommendation and subsequent December 18, 2025 decision and entry. Upon review, the special master recommends that the court: (1) find respondent satisfied the court's December 18, 2025 decision and entry ordering respondent to "produce copies of the records responsive to the portions of the July 7, 2025, described in the R&R and appendix thereof;" (2) find respondent satisfied the court's December 18, 2025 decision and entry ordering respondent to "produce records responsive to the Security Level Review Request subject to redactions supported by law including redactions supported by exemptions found in R.C. 5120.21(A)-(D);" (3) find respondent failed to satisfy the court's December 18, 2025 decision and entry ordering respondent to "reimburse [requester] for his filing fee[;]" (4) conclude that requester's February 2, 2026 motion for contempt is moot as it relates to requester's public record requests, as lawfully ordered in the December 18, 2025 decision and entry (requester's February 2, 2026 motion for contempt is DENIED as moot); and (5) conclude by clear and convincing evidence that respondent is in contempt as it relates to the reimbursement of requester's filing fee, as lawfully ordered in the December 18, 2025 decision and entry (requester's February 2, 2026 motion for contempt is GRANTED), or provide respondent a date certain to preemptively

purge any possible finding of contempt related to the reimbursement of requester's filing fee, which would then render requester's entire February 2, 2026 motion for contempt moot.

## I.  Background.

{¶2} Requester, Yusuf Brown-Austin, is an inmate in the custody and control of respondent at its Southern Ohio Correctional Facility (SOCF).  This case is remanded to the special master on requester's February 2, 2026 motion for contempt after full briefing on requester's underlying public records requests, which resulted in a November 18, 2025 report and recommendation and subsequent December 18, 2025 decision and entry. (March 9, 2026 entry; March 12, 2026 entry appointing special master).  Requester's February 2, 2026 motion for contempt had been fully briefed before this case was returned to the special master.

{¶3} The special master's November 18, 2025 report and recommendation recommended that the court:

A.  Order the respondent to produce copies of the records responsive to the second component of requester's July 7, 2025, records request subject only to the redactions listed in the appendix to this report and recommendation;

B.  Order respondent to produce the records responsive to requester's July 24, 2025, records request subject to redactions supported by law;

C.  Order respondent to pay requester's filing fee;

D.  Order respondent to pay the balance of the costs of this case; and

E.  Deny all other relief.

(November 18, 2025 report and recommendation, p. 12).  After overruling respondent's objections, the court issued a December 18, 2025 decision and entry ordering:

(1)     SOCF to produce copies of the records responsive to the portions of the July 7, 2025, described in the R&R and appendix thereof;

(2)     SOCF to produce records responsive to the Security Level Review Request subject to redactions supported by law including redactions supported by exemptions found in R.C. 5120.21(A)-(D); and

(3)     SOCF to reimburse Brown-Austin for his filing fee.

(December 18, 2025 decision and entry, p. 6).

{¶4} On March 16, 2026 and April 17, 2026, the special master issued orders for additional information and evidence from the parties regarding requester's February 2, 2026 motion for contempt and respondent's satisfaction of the November 18, 2025 report and recommendation and subsequent December 18, 2025 decision and entry.  (March 16, 2026 order; April 17, 2026 order).

{¶5} On March 30, 2026 and April 7, 2026, respondent filed submissions of records in compliance with the special master's March 16, 2026 order.[1]  On April 8, 2026, respondent filed its response in satisfaction of requirements related to the public records requested.  On April 22, 2026, respondent filed its purported response in satisfaction of requirements related to requester's filing fee.

{¶6} On April 24, 2026, requester filed an untimely reply in opposition to respondent's response in satisfaction, which shall not be considered.  (March 16, 2026 order, p. 4).

## II.  Requester's February 2, 2026 Motion for Contempt

{¶7} Requester's February 2, 2026 motion for contempt specifically alleges two violations of the court's December 18, 2025 decision and entry: (1) respondent failed to produce copies of the records responsive to the portions of the July 7, 2025, described in the R&R and appendix thereof (Email Records) and (2) respondent failed to produce records responsive to the Security Level Review Request subject to redactions supported by law including redactions supported by exemptions found in R.C. 5120.21(A)-(D) (Security Level Records).  However, for sake of completeness, the totality of the briefing on requester's February 2, 2026 motion for contempt also provides that (3) respondent failed to reimburse requester for his $25.00 filing fee.

## III. Analysis

{¶8} A party invoking R.C. 2743.75 must "prove facts showing that the requester sought an identifiable public record pursuant to R.C. 149.43(B)(1) and that the public

---

[1] On April 2, 2026, the special master granted requester's motion for leave to file amended evidence related to its March 30, 2026 filing.  (April 2, 2026 order).

office or records custodian *did not make the record available*." (Emphasis added.) *Welsh-Huggins v. Jefferson Cty. Prosecutor's Office*, 2020-Ohio-5371, ¶ 33.

{¶9} "In general, the provision of requested records to a [requester] in a public-records . . . case renders the . . . claim moot." *State ex rel. Cincinnati Enquirer v. Dupuis,* 2002-Ohio-7041, ¶ 8. A public records case can be mooted by the respondent producing the responsive records during the course of the litigation. *State ex rel. Striker v. Smith*, 2011-Ohio-2878, ¶ 17-18, 22.

### A. Email Records.

{¶10} The December 18, 2025 decision and entry ordered respondent to "produce copies of the records responsive to the portions of the July 7, 2025, described in the R&R and appendix thereof." (December 18, 2025 decision and entry, p. 6). In the report and recommendation, reviewing the October 2, 2025 Responsive Records previously provided to requester, the special master recommended that respondent "produce copies of the records previously produced without any redactions other than those made to Responsive Records, pp. SOCF (B)(1) 09, 014, 015, 017, 018, 020, 021." (November 18, 2025 report and recommendation, p. 7, 12, appendix).

{¶11} Upon review, on March 30, 2026, respondent filed an updated Responsive Records document, which included the ordered records without such redactions, as well as a February 12, 2026 delivery letter to requester enclosing those ordered records, which requester signed for on February 13, 2026. On April 8, 2026, respondent confirmed its satisfaction of this part of the December 18, 2025 decision and entry orders by affidavit evidence, again attaching and certifying the delivery letter.

{¶12} The special master therefore recommends that the court find respondent satisfied the court's December 18, 2025 decision and entry ordering respondent to "produce copies of the records responsive to the portions of the July 7, 2025, described in the R&R and appendix thereof[.]"

### B. Security Level Records.

{¶13} The December 18, 2025 decision and entry ordered respondent to "produce records responsive to the Security Level Review Request subject to redactions supported by law including redactions supported by exemptions found in R.C. 5120.21(A)-(D)[.]" (December 18, 2025 decision and entry, p. 6). Respondent did not produce any Security

Level Records for the special master to review prior to the issuance of the November 18, 2025 report and recommendation.

{¶14} Upon review, on March 30, 2026, respondent filed Responsive Records documents, which included the ordered Security Level Records in a redacted format that was provided to requester, the unredacted versions under seal, and an index indicating the basis for each individual exemption from production. Respondent also filed a February 11, 2026 delivery letter and March 30, 2026 delivery letter to requester enclosing those Security Level Records in a redacted format, which requester signed for on February 11, 2026 and March 31, 2026, respectively. On April 8, 2026, respondent confirmed its satisfaction of this part of the December 18, 2025 decision and entry by affidavit evidence, again attaching and certifying the delivery letters.

{¶15} However, because the special master did not review the Security Level Records prior to the issuance of the November 18, 2025 report and recommendation, the special master shall make a determination whether the redactions were proper and subsequently, whether the respondent satisfied the court's December 18, 2025 decision and entry.

{¶16} Respondent bases its redactions of the Security Level Records on R.C. 5120.21(D)(6) as well as case law limiting production of respondent's records to inmates, such as requester.

{¶17} "R.C. 5120.21(D) requires DRC and its institutions to keep seven categories of confidential records." *State ex rel. Mobley v. Ohio Dept. of Rehab. & Corr.*, 2022-Ohio-1765, ¶ 21, citing R.C. 5120.21(D). R.C. 5120.21(D)(6) likely "contain[s] specific information about inmates," and "[t]hough these records are confidential, DRC may consent to their release." *Id*. R.C. 5120.21(D)(6) states that "[n]otwithstanding any other law of this state of the United States to the contrary, the department and the officers of its institutions shall keep confidential and accessible only to its employes, except by the consent of the department or the order of a judge of a court of record, . . . Information and data of any kind or medium pertaining to groups that pose a security threat[.]" Requester cites its internal policy related to the Security Level Records that requester seeks, 53-CLS-10 "Level E (ERH) Security Reviews," which states that:

> It is the policy of the ODRC to limit the use of extended restrictive housing (ERH) to only those incarcerated persons who pose the greatest threat to the safety and security of a correctional facility and cannot be managed safely in general population. . . . and is reserved for those whose violent, disruptive, predatory, riotous, or other serious misbehavior poses a serious threat to other incarcerated persons, staff, the orderly operation of the institution, or the general public.

Ultimately, inmates can be precluded from possessing public records that "trumps the prison's discretion to 'maintain institutional security.'" (Internal citations omitted.) *State ex rel. Cook v. Magee*, 2026-Ohio-1106, ¶ 12. Adm.Code 5120-9-19(C) further excludes inmates from possessing printed records "if it is deemed to be detrimental to, or to pose a threat to the rehabilitation of inmates; the security of the institution; or, the good order or discipline of the institution." And inmates are limited to "records of inmates" under 5120.21(F) concerning themselves rather than other inmates. *See State ex rel. McCarley v. Ohio Dept. of Rehab. and Corr.*, 2022-Ohio-3397, ¶ 12 (10th Dist.).

{¶18} If a redaction is based on an exemption from public record status the public office must prove the propriety of applying the exemption. A public office asserting an exemption must "prove facts clearly establishing the applicability of the exemption." (Internal punctuation omitted.) *Welsh-Huggins*, 2020-Ohio-5371, at ¶ 27, 35, 54. It "does not meet this burden if it has not proven that the requested records fall squarely within the exception," and the courts "resolve any doubt in favor of disclosure." *Id*. at ¶ 27, 50, 63. The public office must produce extrinsic evidence if the applicability of the exemption is "not obviously apparent and manifest just from the content of the record itself[.]" *Id*. at ¶ 30, 35, 50, 53. "Unsupported conclusory statements in an affidavit are insufficient." *Id*. at ¶ 35.

{¶19} Upon review, comparing respondent's redacted Security Level Records provided to requester with the unredacted Security Level Records filed under seal, respondent appropriately redacted the provided records consistent with R.C. 5120.21(D)(6) and applicable case law.

{¶20} The special master therefore recommends that the court find respondent satisfied the court's December 18, 2025 decision and entry ordering respondent to

"produce records responsive to the Security Level Review Request subject to redactions supported by law including redactions supported by exemptions found in R.C. 5120.21(A)-(D)[.]"

### C. Filing Fee

{¶21} The December 18, 2025 decision and entry ordered respondent to "reimburse [requester] for his filing fee." The filing fee at issue is $25.00.

{¶22} Upon review, respondent states in its February 13, 2026 response in opposition to requester's February 2, 2026 motion for contempt that "[r]eimbursement of Requester's filing fee has been submitted and is currently being processed and should be deposited in Requester's inmate account within a reasonable period of time." (February 13, 2026 response in opposition to motion for contempt). Moreover, on April 22, 2026, respondent confirmed that the filing fee has yet to be reimbursed. (April 22, 2026 response in satisfaction to the April 17, 2026 order, Affidavit of Kristen DeVenny ¶ 6 ("Requester has not been reimbursed as of April 22, 2026; however, the reimbursement request is in action and will be made available to Requester as soon as the request has been processed by the appropriate staff."))

{¶23} The special master therefore recommends that the court find respondent failed to satisfy the court's December 18, 2025 decision and entry ordering respondent to "reimburse [requester] for his filing fee."

### D. Requester's February 2, 2026 Motion for Contempt

{¶24} "'Contempt of court is defined as disobedience of an order of a court.'" *Highland Square Mgmt., Inc. v. Willis & Linnen Co., L.P.A.*, 2003-Ohio-2630, ¶ 10 (9th Dist.), quoting *Windham Bank v. Tomaszczyk*, 27 Ohio St.2d 55 (1971), paragraph one of the syllabus. "Contempt is classified as direct or indirect depending on where the contempt occurs." *Tassone v. Tassone*, 2020-Ohio-3151, ¶ 10 (10th Dist.). "Direct contempt occurs in the presence of the court in its judicial function." *Id.* "Indirect contempt involves behavior outside the presence of the court that demonstrates lack of respect for the court or for the court's orders." *Id.*

{¶25} Furthermore, "[c]ontempt may be classified as either civil or criminal, depending on the character and purpose of the contempt sanctions." *State v. T.F.*, 2019-Ohio-1039, ¶ 11 (9th Dist.). "Civil contempt sanctions are designed for remedial or

coercive purposes and are often employed to compel obedience to a court order." *State ex. rel. Corn v. Russo*, 90 Ohio St.3d 551, 555 (2001). "Criminal contempt sanctions, however, are punitive in nature and are designed to vindicate the authority of the court." *Id.* "Thus, civil contempts are characterized as violations against the party for whose benefit the order was made, whereas criminal contempts are most often described as offenses against the dignity or process of the court." *Id.*

{¶26} "To establish civil contempt, the moving party must "'establish a valid court order, knowledge of the order by the defendant, and a violation of the order.""" *In re S.S.*, 2023-Ohio-245, ¶ 12 (9th Dist.), quoting *Henry v. Henry*, 2015-Ohio-4350, ¶ 12 (9th Dist.), quoting *State v. Komadina*, 2004-Ohio-4962, ¶ 11 (9th Dist.). "In civil contempt proceedings, a finding of contempt must be premised on clear and convincing evidence." *Zemla v. Zemla*, 2012-Ohio-2829, ¶ 11 (9th Dist.). "The Supreme Court of Ohio has defined clear and convincing evidence as '[t]he measure or degree of proof that will produce in the mind of the trier of fact a firm belief or conviction as to the allegations sought to be established. It is intermediate, being more than a mere preponderance, but not to the extent of such certainty as required beyond a reasonable doubt in criminal cases. It does not mean clear and unequivocal.'" *Pflaum v. Summit Cty. Animal Control*, 2017-Ohio-4166, ¶ 15 (9th Dist.), quoting *In re Estate of Haynes*, 25 Ohio St.3d 101, 104 (1986).

> The purpose of sanctions in a case of civil contempt is to compel the contemnor to comply with the lawful orders of a court, and the fact that the contemnor acted innocently and not in intentional disregard of a court order is not a defense to a charge of civil contempt. . . . The absences of willfulness does not relieve from civil contempt. Civil as distinguished from criminal contempt is a sanction to enforce compliance with an order of the court or to compensate for losses or damages sustained by reason of noncompliance. . . . The decree was not fashioned so as to grant or withhold its benefits dependent on the state of mind of respondents. It laid on them a duty to obey . . . . An act does not cease to be a violation of a law and of a decree merely because it may have been done innocently. The force and vitality of judicial decrees derive from more robust sanctions.

*Badertscher v. Badertscher*, 2015-Ohio-2189, ¶ 10 (9th Dist.), quoting *Pugh v. Pugh*, 15 Ohio St.3d 136, 140 (1984), quoting *Windham Bank v. Tomaszczyk*, 27 Ohio St.2d at paragraph three of the syllabus, and *McComb v. Jacksonville Paper Co.*, 336 U.S. 187, 191 (1949).

{¶27} "'[B]ecause the purpose of a civil contempt motion is to compel compliance with the court's order rather than to punish disobedience, when compliance becomes moot, the contempt proceeding is also moot.'" *In re J.C.*, 2024-Ohio-343, ¶ 18 (8th Dist.), quoting *Robinette v. Bryant*, 2015-Ohio-119, ¶ 47 (4th Dist.); *see also Sullivan v. Sullivan*, 2020-Ohio-5036, ¶ 17 (2d Dist.); *Darr v. Livingston*, 2017-Ohio-841, ¶ 15 (10th Dist.), citing *Williamson v. Cooke*, 2007-Ohio-493, ¶ 12 ("once a party complies with the underlying court order, civil contempt proceedings become moot"). "Therefore, civil contempt is appropriately used only to accomplish obedience, not to punish disobedience." *Tomasik v. Tomasik*, 1997 Ohio App. LEXIS 253 (9th Dist. Jan. 29, 1997).

{¶28} Here, requester asserts a claim of indirect civil contempt against respondent, since requester alleges that respondent engaged in contemptuous behavior that occurred outside the presence of the court.

{¶29} Upon review of the records before the special master, respondent has produced all public records responsive to requester's public record requests, as lawfully ordered in the December 18, 2025 decision and entry.

{¶30} The special master therefore recommends that the court conclude that requester's February 2, 2026 motion for contempt is moot as it relates to requester's public record requests, as lawfully ordered in the December 18, 2025 decision and entry (requester's February 2, 2026 motion for contempt is DENIED as moot).

{¶31} However, upon review, clear and convincing evidence establishes that respondent has, to date, failed to reimburse requester his filing fee, as lawfully ordered in the December 18, 2025 decision and entry. The court issued its decision and entry on December 18, 2025 and, as such, it has been over four months and respondent has failed to reimburse requester,[2] who is in the custody and control of respondent, his filing fee.

---

[2] The special master notes that it has also been over two months since respondent's February 13, 2026 response in opposition to requester's February 2, 2026 motion for contempt confirmed the reimbursement process had been started and the special master provided a date for respondent to show satisfaction of court's

*See S.H.B. v. M.W.L.*, 2019-Ohio-3036, ¶ 22 (8th Dist.) ("Where a court's order does not include a deadline for compliance, a reasonable time for compliance may be inferred.). But because respondent has started the reimbursement process, awaiting only administrative processing, respondent could be provided a date certain to complete reimbursement of requester's filing fee to allow respondent to preemptively purge any finding of contempt, which would then render requester's entire February 2, 2026 motion for contempt moot. (Internal citations omitted.) *See State ex rel. Cincinnati Enquirer v. Hunter*, 2013-Ohio-5614, ¶ 25 ("If a contempt charge is premised on a party's failure to obey an order of the court, then the order must be clear and definite, unambiguous, and not subject to dual interpretations. An order that is indefinite or uncertain in its meaning cannot be enforced in contempt.").

{¶32} The special master therefore recommends that the court conclude by clear and convincing evidence that respondent is in contempt as it relates to the reimbursement of requester's filing fee, as lawfully ordered in the December 18, 2025 decision and entry (requester's February 2, 2026 motion for contempt is GRANTED), or provide respondent a date certain to preemptively purge any possible finding of contempt related to the reimbursement of requester's filing fee, which would then render the entire February 2, 2026 motion for contempt moot. *See Flowers v. Flowers*, 2011-Ohio-5972, ¶ 9 (10th Dist.), citing *Sansom v. Sansom*, 2006-Ohio-3909, ¶ 24 (10th Dist.). ("A sanction for civil contempt must provide the contemnor the opportunity to purge himself or herself of the contempt.").

**III. Conclusion**.

{¶33} In light of the foregoing, the special master recommends that the court:

A. Find respondent satisfied the court's December 18, 2025 decision and entry ordering respondent to "produce copies of the records responsive to the portions of the July 7, 2025, described in the R&R and appendix thereof;"

B. Find respondent satisfied the court's December 18, 2025 decision and entry ordering respondent to "produce records responsive to the Security Level

---

December 18, 2025 decision and entry as it relates to the reimbursement of the filing fee in his April 17, 2026 order, to which respondent filed an affidavit instead confirming that the filing fee has still yet to be reimbursed.

Review Request subject to redactions supported by law including redactions supported by exemptions found in R.C. 5120.21(A)-(D);"

C. Find respondent failed to satisfy the court's December 18, 2025 decision and entry ordering respondent to "reimburse [requester] for his filing fee[;]"

D. Conclude that requester's February 2, 2026 motion for contempt is moot as it relates to requester's public record requests, as lawfully ordered in the December 18, 2025 decision and entry (requester's February 2, 2026 motion for contempt is DENIED as moot); and

E. Conclude by clear and convincing evidence that respondent is in contempt as it relates to the reimbursement of requester's filing fee, as lawfully ordered in the December 18, 2025 decision and entry (requester's February 2, 2026 motion for contempt is GRANTED), or provide respondent a date certain to preemptively purge any possible finding of contempt related to the reimbursement of requester's filing fee, which would then render requester's entire February 2, 2026 motion for contempt moot.

{¶34} *Pursuant to R.C. 2743.75(F)(2), either party may file a written objection with the clerk of the Court of Claims of Ohio within seven (7) business days after receiving this report and recommendation.  Any objection shall be specific and state with particularity all grounds for the objection.  A party shall not assign as error on appeal the court's adoption of any factual findings or legal conclusions in this report and recommendation unless a timely objection was filed thereto. R.C. 2743.75(G)(1).*

ADAM Z. MORRIS
Special Master

**Filed April 28, 2026**
 **Sent to S.C. Reporter 5/11/26**